■ In the Matter of the Claim of Catherine Bodensky, Respondent, against Royaltone, Inc., et al., Appellants. Workmen's Compensation Board, Respondent.— Appeal by employer and carrier from an award. From uncontradicted evidence it appeared that the employer permitted its employees to take a coffee break for a 15-minute period each day. They were not forbidden to leave the premises and claimant's practice of going from the building was known to her supervisor. During such a period claimant went to a coffee shop about a block away and on returning was injured when about 25 feet from the employer's building. Appellants contend that the accident did not arise out of and in the course of the employment, and would liken the case to that of an off-premises accident occurring during a regular lunch hour. (See *Matter of Jamison* v. *New York State Temporary Comm. on Agric.*, 308 N. Y. 683.) The analogy suggested seems to us inapt. Appellants urge, also, that this was not the case of a " closely supervised and controlled " coffee break such as we considered when affirming an award in *Matter of Caporale* v. *Department of Taxation* (2 A D 2d 91, affd. 2 N Y 2d, 946). From this factual description appearing in the *Caporale* case a rule of exclusion is not to be implied, even if it be assumed, *arguendo,* that here the coffee break was not as closely supervised. On the contrary, the *Caporale* (p. 92) case restated the basic question as to whether " the employment was ' not interrupted ' " (citing *Matter of Bollard* v. *Engel,* 278 N. Y. 463, 466), and held that it might be found that Caporale's employment was " not interrupted " and that " authority of the employer continued during this approved coffee break, short in duration, and short in distance from the claimant's desk ". The principle underlying the *Caporale* decision has been invoked in cases where the facts more closely approached those in the case before us than do those in *Caporale* and injuries occurring during brief rest or relief periods taken within the hours of employment and off the premises have thereupon been found compensable. (*Matter of Karl* v. *Fair Shoe Repair,* 269 App. Div. 800; *Matter of Rucker* v. *Nassau-Beekman Realty Corp.,* 272 App. Div. 982; *Matter of Sullivan* v. *Motor Realty Corp.,* 272 App. Div. 986, motion for leave to appeal denied 297 N. Y. 1041.) The *Rucker* case offers an additional parallel to this, in that the relief period, there of 20 minutes, " had been regularly accorded to [claimant] in the arrangement of his work schedule." We must recognize that such rest periods as coffee breaks have become increasingly prevalent in employment even since these decisions. This recognition was most recently marked in *Matter of Redfield* v. *Boulevard Gardens Housing Corp.* (4 A D 2d 906, motion for leave to appeal denied 3 N Y 2d 710) in which we said: " The departure of an employee for a matter of minutes from the premises where he works to satisfy a personal desire, such as to get a cup of coffee or a newspaper, especially when it becomes

a custom within the knewledge of the employer should not be held under working conditions as they exist today to constitute a separation from employment." Here as in the *Redfield* case, affirmance of the award is dictated by the liberal construction we must give to the Workmen's Compensation Law and by its "application within reasonable limits   *   *   *   in consonance with realistic working habits and conditions that are commonly known to exist." Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.