374 P.2d 849

**J. T. WHITEHURST, Claimant, Plaintiff-Appellant,**

v.

**RAINBO BAKING COMPANY, Employer, and Royal Globe Insurance Group, Insurer, Defendants-Appellees.**

No. 7072.

Supreme Court of New Mexico.

Sept. 19, 1962.

Harold O. Gore, Clovis, Scott H. Mabry, James L. Brandenburg, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, James C. Ritchie, Joseph J. Mullins, Albuquerque for appellees.

COMPTON, Chief Justice.

This is a workmen's compensation action. Claimant appeals from a judgment denying compensation for injuries suffered by him as the result of an accident in Clovis allegedly arising out of and in the course of his employment.

The issue to be decided on this appeal is whether an injury sustained by an employee while taking a coffee break off of the employer's premises during his working hours is an injury arising out of and in the course of the employment under the so-called personal comfort doctrine.

Appellant was employed as a mechanic by appellee-employer. His regular working hours were from 7 a. m. to 6 p. m. with an hour off for lunch between 12 noon and 1 p. m. In addition, he was subject to call 24 hours a day to repair any mechanical failures suffered by the employer's delivery trucks. Most of his work was performed in a garage on appellee's premises but on occasion he was required to do this work elsewhere. His salary was $95.00 per week regardless of the number of hours he worked. Appellant customarily took coffee breaks during his regular working hours at public places in the vicinity of the employer's place of business.

On March 8, 1961, between 9 and 9:30 p. m., in response to a call from one of employer's drivers that a truck needed repairs, he returned to the employer's premises and, finding it necessary to install a new generator, called a parts-supplier. Upon being informed there would be a twenty-minute wait until the supplier opened his garage to obtain the part, appellant and the driver of

the truck being repaired started across the highway to a restaurant to get a cup of coffee and appellant was struck and seriously injured by an automobile while in the center of the highway.

These are the facts substantially as found by the court below. They are undisputed and, based thereon, the trial court concluded that the accident did not arise out of and in the course of the employment; that the injuries suffered by appellant did not result from risk reasonably incidental to his employment; and that the risk of being struck by an automobile while crossing the highway was not a danger peculiar to his work but was a risk common to the public generally.

It is appellant's position that all coffee breaks taken by him while he was in the course of his employment were taken with the implied consent of his employer and were reasonably incident to the employment under the personal comfort doctrine.

Appellees contend that this doctrine is not embraced within the language of our workmen's compensation statute; that appellant had no implied consent to take coffee breaks after regular hours, was not being paid at the time, was not where his work required him to be, was not acting under the control or direction of his employer, and that the application of the personal comfort doctrine would eliminate the requirement that an accidental injury must "arise out of" as well as in the course of the employment.

■ We are concerned only with the court's conclusions. Conclusions of law are reviewable by the supreme court, and where the facts are not in dispute this court is not bound by the conclusions of the trial court but may independently draw its own legal conclusions. Webb v. New Mexico Pub. Co., 47 N.M. 279, 141 P.2d 333, 148 A.L.R. 1002; Cavness v. Industrial Commission, 74 Ariz. 27, 243 P.2d 459.

This court previously has not considered the so-called personal comfort doctrine and its progress is worth reviewing. In 1 Larson's Workmen's Compensation Law, § 21.00, p. 297, the doctrine is defined as follows:

"Employees who, within the time and space limits of their employment, engage in acts which minister to personal comfort do not thereby leave the course of employment, unless the extent of the departure is so great that an intent to abandon the job temporarily may be inferred, or unless, in some jurisdictions, the method chosen is so unusual and unreasonable that the conduct cannot be considered an incident of the employment."

A review of the texts and decisions reveals that the application of the doctrine has been generally limited to injuries occurring on the *employer's premises during regular*

*working hours,* and restricted to those cases where the acts are reasonably necessary to the employee's health and comfort. The early basis for compensation under the doctrine was that the doing of an act not prohibited by the employer and reasonably necessary, regardless of an employee's negligence, was "incidental to the employment." So where an accident occurred on the premises before or after the regular working hours, compensation, nevertheless, could be awarded under the going and coming rule. 1 Larson's Workmen's Compensation, § 21.-21(a); 58 Am.Jur., Workmen's Compensation, § 228; 99 C.J.S. Workmen's Compensation § 220c, and cases cited therein.

With respect, however, to *off the premises injuries,* the courts, barring exceptional circumstances, have refused to apply the doctrine, on the theory that the employee is not performing service for his employer and the latter has no control over the employee. Salmon v. Bagley Laundry Co., 344 Mich. 471, 74 N.W.2d 1. Such injuries have generally been characterized as falling within the limitations of the going and coming rule. Wisconsin Law Review, Vol. 1960, pp. 98 et seq. But courts following this rule have made exceptions for a variety of reasons, such as where the employee is performing services for the employer in a direct sense. Locke v. Steele County, 223 Minn. 464, 27 N.W.2d 285; Anderson v. Kroger Grocery & Baking Co., 326 Mich. 429, 40 N.W.2d 209; where the employee acts at direction of employer, Shoemaker v. Snow Crop Marketers Division, 74 Idaho 151, 258 P.2d 760. The nature of the employment has been considered significant as where a bus driver has been compensated for an injury sustained while crossing the street for a snack or drink after leaving his vehicle. City Bus Co. v. Lockhart, 204 Okl. 314, 229 P.2d 586.

Those states which adhere to the rule that off the premises injuries are noncompensable seem to make every effort to find facts that will take the case out of the rule. Such is the trend of recent decisions. New York and Wisconsin, in particular, have expanded the doctrine to the field of off the premises injuries. While New York has no statutory going and coming rule, it does have an express provision that an employee in the course of his employment may be compensated when injured off the premises. New York Workmen's Compensation Law, McKinney's Consol.Laws, c. 67, § 2(4). The Act requires no exceptional circumstances but considers the question purely as one of deviation, that is, whether the brief departure from actual work is so unreasonable as to interrupt the employment. Consequently, an employee may recover where his off the premises acts are consented to by the employer and are reasonable. Bodensky v. Royaltone, Inc., 5 A.D.2d 733, 168 N.Y.S.2d 908; Caporale v. Dept. of Taxation & Finance, 2 N.Y.2d 946, 162 N.Y.S.2d 40, 142 N.E.2d 213.

Wisconsin, in Krause v. Western Casualty & Surety Co., 3 Wis.2d 61, 87 N.W.2d 875, allowed compensation to an employee who was injured while riding in his employer's car, at employer's request, to a restaurant for coffee, during regular working hours. The court first applied the going and coming rule to determine whether he was within the course of his employment. Having determined that he was, because using employer's car and with no reduction in pay, it then considered the question of deviation and determined that under all the circumstances the injury arose from an act for the employee's personal comfort which was "incidental to and not wholly apart from the employment" and therefore not a deviation. There, the test of supervision and control was rejected. The personal comfort doctrine was only applied as a test once the employee, off the premises, was found to be in the course of his employment.

A later decision, Van Roy v. Industrial Commission, 5 Wis.2d 416, 92 N.W.2d 818 (1958), however, has rejected the going and coming rule as controlling where the injury occurred off the premises during working hours and applied the test of reasonableness of employee's actions. In the case the employee, a road builder, was awarded compensation for an injury he received when he left the employer's premises in his own car to get a snack with the employer's consent. The Van Roy case also recognized that, in determining where the line of demarcation is to be drawn in declaring trips by an employee off the premises of employer for purposes of ministering to his personal comfort, as arising out of and in the course of employment, no formula can be laid down and each case must stand upon its own merits.

We note also that Minnesota has held similarly to Van Roy v. Industrial Commission, supra. Sweet v. Kolosky, 259 Minn. 253, 106 N.W.2d 908.

Appellee has cited numerous cases in which compensation for off the premises injuries have been denied, but they deal for the most part with injuries which occurred while the employee was going to or from work, to or from lunch or dinner, or engaged in acts not authorized or consented to by the employer. Under similar circumstances we are committed to the same rule. Section 59–10–12($l$) our workmen's compensation law. The only case cited by appellee on the present issue, under similar facts, is Gill v. James A. Gill & Sons, 130 Ind.App. 1, 159 N.E.2d 734, which denied compensation under a rule limiting liability to injuries sustained on the premises when the duties were so restricted, even in the face of employer's directions to the contrary.

With respect to appellee's contention that to apply the personal comfort doctrine here would eliminate the requirement that the injury "arise out of" the employment, we

stated in McKinney v. Dorlac, 48 N.M. 149, 146 P.2d 867, that:

"* * * An accident arises in the course of the employment when it occurs within the period of the employment at a place where the employee reasonably may be in the performance of his duties and while he is fulfilling those duties or engaged in doing something incidental thereto."

See also Wilson v. Rowan Drilling Co., 55 N.M. 81, 227 P.2d 365.

What is reasonably incident to the employment depends upon the practices permitted in the particular employment and on the customs of the employment environment generally. 1 Larson, supra, § 21.30. In the Van Roy case, supra, the court, in determining whether the accident "arose out of" the employment, adopted the controlling principle or test set forth by the Colorado court in University of Denver v. Nemeth, 127 Colo. 385, 257 P.2d 423, as follows:

"'An analysis of the cases indicates that the controlling point is whether, under all of the circumstances, the injury arose from something which was incident to the employment.'"

In the very recent case of Nielsen v. Industrial Commission, 14 Wis.2d 112, 109 N.W.2d 483, the court stated "The language [used in Van Roy] did not eliminate the 'arising out of employment' requirement."

In 99 C.J.S. Workmen's Compensation § 220a, dealing with the doctrine, it is stated that:

"Acts necessary to the life, comfort, or convenience of an employee while at work, although personal to him and not technically acts of service, are incidental to the service, and an injury occurring while in the performance of such acts is compensable as 'arising out of,' and 'in the course of,' the employment."

The term "while at work" was interpreted by this court in McKinney v. Dorlac, supra, as synonymous with "in the course of the employment."

From the above, we conclude that the requirement that the accidental injury "arise out of" is not eliminated in the application of the doctrine.

In the case before us, the court found that "Whitehurst customarily took coffee breaks during his working hours at public places in the vicinity of his employer's place of business." Appellee would argue that the only inference that can be drawn from this finding is that appellant took coffee breaks after regular working hours without the consent or approval of his employer and that the court must have concluded that he temporarily abandoned his employment when he left the premises to get coffee. We do not agree. The undisputed evidence is that regular coffee

breaks during regular working hours were taken by employees at places of their choice, off of the employer's premises, with the knowledge and consent of the employer, if limited to from 10 to 15 minutes. This can lead to but one conclusion; that coffee breaks for the personal comfort of employees during working hours were consented to by the employer. This practice, it seems, was contemplated and permitted as an incident of the employment. This being true, it follows that appellant took coffee breaks during his working hours with the consent of his employer as an incident of the employment.

We conclude that since appellant was on 24-hour call, for which he was paid a weekly salary, neither his working hours nor the incident of his employment were limited to his regular hours, from 7 a. m. to 6 p. m., nor were his duties restricted to the employer's premises. The "going and coming rule" is not applicable.

That there was no temporary abandonment of the employment is evidenced by the fact that while taking the coffee break appellant was, at the same time, waiting for the delivery of a truck part in order to complete his work. The method chosen was usual and reasonable. But for his employment the necessity for a coffee break would not have occurred.

The cause is reversed and remanded with direction to enter judgment in accordance with the views herein expressed and to allow appellant a reasonable amount for the services of his attorneys in the lower court in addition to the amount of $750.00 for such services in this court.

It Is So Ordered.

CARMODY and NOBLE, JJ., concur.

CHAVEZ and MOISE, JJ., not participating.