In the Matter of the Claim of DONALD SLATER, Respondent, v. EDWIN PILCH et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 6, 1962.

*Miller & Ouimette (Wilfred T. Ouimette* of counsel), for appellants.

*Connor, Millman & Connor* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General (Daniel Polansky* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

REYNOLDS, J. On November 25, 1960 claimant, a farm laborer, was spreading manure with a tractor. As claimant alighted from the tractor, the tractor suddenly moved causing claimant to brush against the cab and running board. While attempting to regain his balance claimant stumbled, and a rifle he was carrying struck the ground and discharged causing a large wound in his hand. Claimant testified that he had brought the rifle with him to shoot any woodchucks that he might happen to see while performing his employment tasks. Claimant stated that on the morning of the incident he had attempted to inform the employer that he was about to take the rifle with him, but that since the employer was at the time proceeding toward the house from which his wife was calling, he could not be sure

that the employer heard him. The sole question raised on this appeal is the propriety of the board's finding that the injury here involved arose "out of" claimant's employment. The test to be met in determining this issue is whether the injury arose "as a natural incident to the work." (*Matter of Heitz* v. *Ruppert,* 218 N. Y. 148, 152; *Hendrix* v. *Bennett,* 14 A D 2d 944.) "It must be one of the risks connected with the employment, flowing therefrom as a natural consequence and directly connected with the work." (*Matter of Heitz* v. *Ruppert, supra,* p. 152.) Here, since the facts are undisputed the question is one of law (*Matter of Martin* v. *Plaut,* 293 N. Y. 617, 618). While the courts have been liberal in the application of this test (see *Matter of Johnson* v. *Loew's, Inc.,* 8 N Y 2d 757 [shooting paper clips at coemployees]) we cannot uphold on this record a determination that in effect finds that one of the risks attendant to the spreading of manure is injury as a result of the discharge of a rifle carried by the employee to shoot woodchucks. Additionally here the "instrument of danger" is on the employment premises not for any reason connected with employment or by any actions of the employer but rather was brought to the premises by the employee solely to advance his own personal pursuits (see Larson, Workmen's Compensation Law, §§ 12.30, 12.31, 12.35; cf., e.g., *Matter of Miles* v. *Gibbs & Hill,* 250 N. Y. 590; *Matter of Franck* v. *Allen,* 270 App. Div. 960). Cases involving death caused by gunshot wounds are not strict precedent here due to the presumption afforded in such cases by subdivision 1 of section 21 of the Workmen's Compensation Law. Claimant's testimony concerning his attempt to inform the employer about the rifle in the absence of proof that the employer was aware of claimant's statement does not constitute substantial evidence to support the board's determination. Since the employer did not testify and it may well be that his testimony might clarify this issue, claimant should have an opportunity to pursue this avenue of approach.

The decision and award should be reversed and the matter remitted to the board, with costs to appellants against the Workmen's Compensation Board.

Bergan, P. J., Coon, Herlihy and Taylor, JJ., concur.

Decision and award reversed and matter remitted to the board, with costs to appellants against the Workmen's Compensation Board.