415 P.2d 847

George E. WARD, as next friend of Vickie Lynn Harris, a minor, Plaintiff-Appellant,

v.

HALLIBURTON COMPANY, Defendant-Appellee.

No. 7791.

Supreme Court of New Mexico.

June 27, 1966.

**464**

William F. Brainerd, Roswell, for appellant.

Atwood & Malone, Paul A. Cooter, John W. Bassett, Jr., Roswell, for appellee.

COMPTON, Justice.

The question presented on appeal is whether the death of the workman, Bud Lee Harris, arose from a risk incident to his employment with the defendant as contemplated by § 59–10–13.3, subd. A, N.M. S.A., 1953 Comp., which reads:

"Claims for workmen's compensation shall be allowed only:

(1) when the workman has sustained an accidental injury arising out of, and in the course of his employment;

(2) when the accident was reasonably incident to his employment; and

(3) when the disability is a natural and direct result of the accident."

The pertinent facts are stipulated. Bud Lee Harris was employed by the defendant as a "shooter" in charge of well perforating operations at its Welex Division at Artesia. Its Artesia office is about 8 miles east of Artesia and is comprised of a warehouse, a small office within another building, and an adjacent yard enclosed by a fence. The servicing crew, of which the workman was a member, consists of an engineer in charge, a shooter, and two rigmen.

As a matter of policy the defendant required its employees to start each job in the field in clean uniforms, consisting principally of khaki trousers and khaki shirts with appropriate decals. It was the cus--

tom of the employees in the Welex division in the Artesia area to go to the company premises east of Artesia in their own clothes and there change into company uniforms at the warehouse before starting out on a field job. It was the responsibility of the employees to take their soiled uniforms to Artesia for laundering. And it was not unusual for the employees to allow soiled uniforms to accumulate in lockers provided by the company for several days before taking them to the laundry.

On October 2, 1963, the deceased went to the employer's warehouse and, finding no field work to be done that day, he, with other members of the crew, did other work on the premises, as was their usual custom, without changing to their uniforms. After having worked some two hours about the premises the decedent gathered his soiled uniforms from his locker and took them to his automobile which was parked on the company premises just outside of the door of the warehouse where he had been working. The decedent had a shotgun stored in the trunk of his car. After he had opened the trunk, and while in the act of putting the uniforms into the trunk, he moved or jostled the gun in some unexplained manner which caused it to discharge, thereby injuring himself fatally. The gun was not used by the workman in connection with his employment, the trunk being merely a place of storage of the gun by the decedent.

Based on these facts the trial court concluded that the death of the decedent did not arise from a risk incident to his employment and denied compensation. Judgment was entered accordingly and the claimant appeals.

█ Since the facts are stipulated, we are concerned only with the court's conclusion. In this situation, this court is not bound by the trial court's conclusion, but may independently draw its own conclusion from the facts. Whitehurst v. Rainbo Baking Co., 70 N.M. 468, 374 P.2d 849.

█ While we have no similar factual case from this jurisdiction, other courts have, and the logic of those courts denying compensation requires an affirmance of the judgment here. Aetna Life Ins. Co. v. Burnett, (Tex.Comm.App.1926), 283 S.W. 783; Beamer v. Stanley Co. of America, 295 Pa. 545, 145 A. 675; Hicken v. Ebert-Hicken Co., 191 Minn. 439, 254 N.W. 615; Slater v. Pilch, (1962), 17 A.D. 2d 340, 234 N.Y.S.2d 513; Highway Oil Co. v. State, 130 Ohio St. 175, 198 N.E. 276.

No case has been cited to us, nor has any been found in our research where recovery was allowed under a statute similar to ours, and facts comparable to those here present. Compare Berry v. J. C. Pen-

ney Co., 74 N.M. 484, 394 P.2d 996; Luvaul v. A. Ray Barker Motor Co., 72 N.M. 447, 384 P.2d 885. Also see 1 Larson's Workmen's Compensation Law, §§ 12.30 and 12.-31.

The appellant cites various cases to support his contention that the accident arose out of the employment. We have examined each of them and find they are distinguishable on the facts. No case is cited which would allow recovery where the employment does not justify the presence of a gun on the premises or where the bullet did not originate from a source other than the claimant's personal weapon. The principal case relied on by appellant, Joe Ready's Shell Station & Cafe v. Ready, 218 Miss. 80, 65 So.2d 268, is distinguishable on the facts as it involved a shotgun wound causally related to the claimant's job from a gun that had been brought to the premises by someone other than the claimant. It was also distinguished in the later case of Earnest v. Interstate Life & Accident Insurance Co., 238 Miss. 648, 119 So.2d 782, in which compensation was denied.

We conclude that the accident and injury did not arise out of the employment. It follows the judgment must be affiremd.

It is so ordered.

CARMODY, C. J., and MOISE, J., concur.