417 P.2d 885

Robert J. ENSLEY, as next friend of Janet L. Ensley, a minor, Plaintiff-Appellant,

v.

W. R. GRACE and Maryland Casualty Company, Defendants-Appellees.

No. 7869.

Supreme Court of New Mexico.

Sept. 6, 1966.

T. K. Campbell, Las Cruces, for appellant.

J. D. Weir, J. R. Crouch, Las Cruces, for appellees.

## OPINION

MOISE, Justice.

This is an appeal from a judgment entered at the conclusion of plaintiff's case, denying workmen's compensation to which appellant claims to be entitled by reason of the death of Thelma L. Ensley allegedly arising out of and in the course of her employment. The appellant is the thirteen-year-old daughter of decedent.

There is no real dispute as to the facts. When killed, Thelma L. Ensley was employed by W. R. Grace and Company as a bookkeeper. One Ike Rodgers was employed by the same company as manager of its Las Cruces store. Although Mrs. Ensley generally returned home from work at about 5:30 P.M., on the day of her death she did not. At about 6:00 P.M., Ike Rodgers was seen standing in his office behind a desk. Between 8:30 P.M. and 9:00 P.M., the bodies of both Mrs. Ensley and Mr. Rodgers were discovered in the office. On the day of the shooting, Mr. Rodgers had purchased a pistol. The court found that Mrs. Ensley had been killed by Mr. Rodgers who then took his own life. However, there was nothing to indicate why Mrs. Ensley had been shot. There was no evidence of any misconduct or any contact

between Mrs. Ensley and Mr. Rodgers except in connection with their work. When the bodies were found some of Mrs. Ensley's work papers were spread out on her desk.

Based on these facts, the court found that the accident and death of Mrs. Ensley did not arise out of her employment, and that evidence was not produced to establish a causal connection between the death and the employment. These determinations are here attacked.

That the death occurred in the course of employment is conceded, but it is strenuously urged that it did not arise out of the employment. Our statute, § 59–10–13.3, subd. A, N.M.S.A.1953, provides that, "claims for workmen's compensation shall be allowed only: (1) when the workman has sustained an accidental injury arising out of, and in the course of his employment; * * *." Concerning these terms and their application, we said in Berry v. J. C. Penney Co., 74 N.M. 484, 394 P.2d 996:

"Our workmen's compensation statute requires as a condition to a compensable injury that it arise out of and in the course of the employment. The two parts of the phrase must be separately interpreted. Any accident arising 'while at work' is one 'in the course of the employment.' The terms are synonymous. McKinney v. Dorlac, 48 N.M. 149, 146 P.2d 867; Wilson v. Rowan Drilling Co., 55 N.M. 81, 227 P.2d 365; Whitehurst v. Rainbo Baking Co., 70 N.M. 468, 374 P.2d 849. However, it is well established that under the express statutory language it is not enough that an injury 'arose in the course of employment.' It must 'arise out of' as well as 'in the course of' the employment. Barton v. Skelly Oil Co., 47 N.M. 127, 138 P.2d 263; Merrill v. Penasco Lumber Co., 27 N.M. 632, 204 P. 72, 74; Luvaul v. A. Ray Barker Motor Co., 72 N.M. 447, 384 P.2d 885. There must not only have been a causal connection between the employment and the accident, but the accident must result from a risk incident to the work itself."

We note the statement that "the accident must result from a risk incident to the work itself." Does this mean that if a person is working at a place where no guns or dangerous instrumentalities are present, injuries or death resulting from being shot or otherwise injured are not to be compensated because not arising out of a "risk incident to the work itself"? In Walker v. Woldridge, 58 N.M. 183, 268 P.2d 579, the statement is made that for an injury to arise out of employment, it "must be reasonably incident to the employment" or must "flow therefrom as a natural consequence."

Larson, in his work on Workmen's Compensation, Vol. 1, § 7.00, places "risks" in three categories, viz., those associated with the employment, those personal to the claimant, and those having no particular employment or personal character, which he

calls "neutral." He states accidental injuries in the first class are universally compensable. Houston v. Lovington Storage Company, 75 N.M. 60, 400 P.2d 476, is of this class. Injuries in the second category are universally noncompensable. Berry v. J. C. Penney Co., supra, and Luvaul v. A. Ray Barker Motor Company, 72 N.M. 447, 384 P.2d 885, are of this character. It is in connection with the third class that most controversy occurs and difficulties are presented. Whitehurst v. Rainbo Baking Company, 70 N.M. 468, 374 P.2d 849, is of this class. Larson states that, "the view that the injury should be deemed to arise out of employment if the conditions of employment put claimant in a position to be injured by the neutral risk is gaining increased acceptance." In § 7.30, he states:

"* * * Illustrations of this category may be drawn from a wide variety of controversial cases. A man hard at work in the middle of a factory yard may be hit by a stray bullet out of nowhere, bit by a mad dog, stabbed by a lunatic running amuck, struck by lightning, thrown down by a hurricane, killed by an enemy bomb, injured by a piece of tin blown from someone's roof, shot by a child playing with an air rifle, murdered as a result of mistaken identity, felled by debris from distant explosion, or blinded by a flying beetle. *Another kind of neutral-risk case is that in which the cause itself, or the character of the cause, is simply unknown.* An employee may be found to have died on the job from unexplained causes, or he may suffer a slip or fall for no reason that anyone, including himself, can explain. An employee may be attacked by unknown persons, whose motives may have been personal or related to the employment." (Emphasis added.)

Larson further states, in §§ 11.00 and 11.33:

"§ 11.00 Assaults arise out of the employment either if the risk of assault is increased because of the nature or setting of the work, or if the reason for the assault was a quarrel having its origin in the work. * * * Assaults by lunatics, drunks, and children have generally been found to arise out of the employment, and the same has been held by some courts in the case of unexplained or mistaken-identity assaults, although there is authority to the contrary."

"§ 11.33 Occasionally an assault occurs for which no explanation whatever appears, either because the assault was unwitnessed, or because, even with all the facts available, no one can figure out why the assault was committed. Nothing connects it with the victim privately; neither can it be shown to have had a specific employment origin. If the claimant is in fact exposed to that assault because he is discharging his duties at that time and place, there is no better reason here than

in the unexplained-fall or -death cases to deny an award merely because claimant cannot positively show that the assault was motivated by something connected with the work. But the cases are more evenly divided on unexplained assaults than one unexplained falls or deaths."

■■ In our view of the instant case, we have a situation where decedent met her death by reason of an unexplained assault on her by her co-employee while she was at work at her usual place of employment. In the circumstances, and under the proof, we think the following language in Houston v. Lovington Storage Company, supra, is pertinent:

"It is not necessary that the essential facts necessary to a recovery be proved by direct evidence; they may be established by reasonable inferences drawn from proven facts. Medina v. New Mexico Consolidated Min. Co., 51 N.M. 493, 188 P.2d 343; and Teal v. Potash Company of America, [60 N.M. 409, 292 P.2d 99,] supra. Where there is substantial evidence that the death of an employee results from an accident and the accident occurs during his hours of work, at a place where his duties require him to be, or where he might properly have been in the performance of such duties, the trier of the facts may reasonably conclude therefrom, as a natural inference, that the accident arises out of and in the course of the employment, and that the injury was reasonably incident to the employment. Medina v. New Mexico Consolidated Min. Co., supra; 1 Larson, Workmen's Compensation Law, 1964, pp. 108, 112, 113."

With regard to such a situation, Larson states:

"§ 10.32. When an employee is found dead under circumstances indicating that death took place within the time and space limits of the employment, in the absence of any evidence of what caused the death, most courts will indulge a presumption or inference that the death arose out of the employment.

"The theoretical justification is similar to that for unexplained falls and other neutral harms: The occurrence of the death within the course of employment at least indicates that the employment brought deceased within range of the harm, and the cause of harm, being unknown, is neutral and not personal. The practical justification lies in the realization that, when the death itself has removed the only possible witness who could prove causal connection, fairness to the dependents suggest some softening of the rule requiring claimant to provide affirmative proof of each requisite element of compensability."

See also, Medina v. New Mexico Consolidated Min. Co., 51 N.M. 493, 188 P.2d 343.

696

Thus, it can be seen that the occurrence having transpired under circumstances such as are here present, authority and reason support the application of a rebuttable presumption that death arose out of the employment. When the reason or cause for the accident is not explained, and it occurred during the time decedent was at work, the fundamental theory underlying our workmen's compensation law favors recovery rather than denial of compensation. In the instant case, Mrs. Ensley lost her life while engaged in her employment as a result of being shot by her co-employee for unexplained reasons and, as the evidence of record in no way serves to rebut the presumption that death arose out of her employment, we conclude that the trial court erred in finding that death did not arise out of the employment. As examples of similar cases, we direct attention to McClean's Case, 323 Mass. 35, 80 N.E.2d 40; Casualty Reciprocal Exchange v. Johnson (C.A.5, 1945) 148 F.2d 228; Crotty v. Driver Harris Co., 45 N.J.Super. 75, 131 A.2d 578.

This is not a situation where claimant failed to establish that decedent sustained an accidental injury in the course of and arising out of his employment as is required to sustain a recovery. Clower v. Grossman, 55 N.M. 546, 237 P.2d 353. Neither is it a case involving findings based upon conflicting evidence, as were Grisham

v. Nelms, 71 N.M. 37, 376 P.2d 1, and Utter v. Marsh Sales Company, 71 N.M. 335, 378 P.2d 374. Rather, it involves a question of law as to whether, under the uncontradicted proof here present, the trial court could properly find at the close of plaintiff's case that the employee's death did not arise out of her employment. As already noted, in our view, the court could not do so. We said nothing in Brundage v. K. L. House Construction Company, 74 N.M. 613, 396 P.2d 731, requiring a contrary holding.

This case differs from Ward v. Halliburton Company, 76 N.M. 463, 415 P.2d 847, in that here there is no proof that deceased was guilty of any wrongful act such as was present in the Ward case wherein Ward had himself introduced the lethal weapon into the employer's premises and risk therefore was "personal" to the employee. The present case more nearly approximates the situation in Joe Ready's Shell Station & Cafe v. Ready, 218 Miss. 80, 65 So.2d 268, where it was held that an accident resulting from being shot by a gun, introduced to the place of employment by a third person arose out of the employment. Of course, that was not a case of unexplained injury, but we perceive of no reason for a different rule where there is an absence of direct proof of cause. To the contrary, Houston v. Lovington Storage Company, supra, requires a finding of causal connection.

In our view, the decision of this court in Perez v. Fred Harvey, Inc., 54 N.M. 339, 224 P.2d 524, presaged this result. That case involved a shooting of claimand by a co-worker. The court held that there could be no recovery if the shooting resulted "from purely personal motives such as the distorted love affair testified to by the assailant * * *." On the other hand, if the shooting and injuries came about because of a "quarrel having a causal relationship to the work" of the parties, they did arise out of the employment and would be compensable. Also, if the occurrence happened because an employee went insane and suddenly ran amuck, or otherwise acted without knowing what he was doing, and shot a co-employee while at work, the injury would arise out of the employment. We would add that, under the principle of Houston v. Lovington Storage Company, supra, compensation is payable when for unknown causes or reasons a supervisory employee shoots and kills a fellow employee while at work.

It follows from what has been said that the trial court erred in denying recovery at the close of claimant's case; the judgment is accordingly reversed, and the cause remanded with instructions to grant a new trial.

It is so ordered.

COMPTON, J., and LaFEL E. OMAN, Judge, Court of Appeals, concur.