547 P.2d 65

Boyce D. EDENS, Plaintiff-Appellant,

v.

**NEW MEXICO HEALTH AND SOCIAL SERVICES DEPARTMENT, a Department of the State of New Mexico, Employer, and Mountain States Mutual Casualty Company, a corporation, Insurer, Defendants-Appellees.**

**No. 10512.**

Supreme Court of New Mexico.

March 16, 1976.

David W. Bonem, Clovis, Scott H. Mabry, David F. Boyd, Jr., Albuquerque, for plaintiff-appellant.

Modrall, Sperling, Roehl, Harris & Sisk, James A. Parker, Judy A. Fry, Albuquerque, for defendants-appellees.

## OPINION

MONTOYA, Justice.

This appeal arises from a denial of a claim under the Workmen's Compensation Act. Plaintiff is the surviving spouse of Betty Jean Edens (Edens) who was fatally injured in a car accident in Albuquerque. At the time of the accident, Edens was employed in Albuquerque by defendant New Mexico Health and Social Services Department (HSSD).

The Bernalillo County District Court denied all relief sought under the Workmen's Compensation Act, §§ 59–10–1 to 37, N.M. S.A., 1953 (2d Repl. Vol. 9, Pt. 1, 1974). The judgment of the District Court was affirmed by the Court of Appeals in *Edens v. New Mexico Health & Social Serv. Dept.,* 88 N.M. 366, 540 P.2d 846 (Ct.App. 1975). We granted certiorari.

At the time of the accident, Edens was employed by defendant HSSD as Director of its Bernalillo County North Valley Office in Albuquerque. The deceased and three other employees from Bernalillo County were ordered by the defendant-employer to attend a special two-day HSSD meeting in Santa Fe on October 3–4, 1973. They were requested by their respective supervisors to form a car pool and to return overnight to Albuquerque between the two sessions in order to save fuel and reduce travel costs. Consequently, on the morning of October 3, 1973, Edens and the three other employees met at the Gulf Mart parking lot on San Mateo Boulevard in Albuquerque and proceeded as a group to Santa Fe in Edens' car. At the close of the first day's session, the four returned to the Gulf Mart parking lot. After discharging her three colleagues from her car, Edens drove out of the parking lot and immediately thereafter was involved in the accident which resulted in her death.

Plaintiff-appellant contests the three findings of fact by the trial court, that (1) Edens had completed all the duties of her employment before the accident; (2) she was not performing any duties of her employment and was not acting within the scope and course of her employment at the time of the accident; and (3) the accident did not arise out of, nor was it incidental to, her employment.

The defendants-appellees, on the other hand, contend that the findings of the trial court are supported by substantial evidence. They contend that this case comes within the longstanding "going and coming" rule which precludes compensation for injuries sustained on the way to work and on the way home from work.

The pertinent provisions of the Workmen's Compensation Act are §§ 59–10–2 and 59–10–12.12, supra, which declare in part:

(§ 59–10–2)

"The state * * * shall become liable to, and shall pay to any * * * workman injured by accident *arising out of and in the course of his employment* [with the state] * * * and, in case of his death being occasioned thereby, to such person as may be appointed by the court to receive the same for the benefit of his dependents, compensation in the manner and amount, at the times herein required." (Emphasis added.)

(§ 59–10–12.12)

"As used in the Workmen's Compensation Act [59–10–1 to 59–10–37], unless the context otherwise requires, the words 'injuries sustained in extra-hazardous occupations or pursuit' shall include death resulting from injury, and injuries to workmen, as a result of their employment and while at work in or about the premises occupied, used or controlled by the employer, and injuries occurring elsewhere while at work in any place where their employer's business requires their presence and subjects them to extra-hazardous duties incident to the business, but shall not include injuries to any workman occurring while on his way to assume the duties of his employment or after leaving such duties, the approximate cause of which injury is not the employer's negligence."

See also § 59–10–13.3, supra.

The question before us is whether the fatal injuries to Edens arose out of and in the course of her employment.

■ We now turn to the scope of review to be exercised in reviewing the District Court's decision. All cases arising under the Workmen's Compensation Act, like the one before us, are tried to the court without a jury. Section 59–10–13.1, supra. The Rules of Civil Procedure apply to these cases except where the Act provides otherwise. Section 59–10–13.9, supra. Consequently, in workmen's compensation cases findings of fact are reviewable only to the extent of determining whether they are supported by substantial evidence, whereas conclusions of law are freely reviewable. *Whitehurst v. Rainbo Baking Company,* 70 N.M. 468, 374 P.2d 849 (1962).

■ Are the determinations of the District Court appealed from findings of fact or conclusions of law? The District Court concluded, and the parties and the Court of Appeals assumed, that they are findings of fact. This court is not bound, however, by the labels attached below to these determinations. *In re McCain,* 84 N.M. 657, 506 P.2d 1204 (1973); *Houck v. Hinds,* 215 F. 2d 673 (10th Cir. 1954). The issue whether a determination is a finding of fact or a conclusion of law is itself a question of law and, therefore, freely reviewable in this court.

■ We have previously held that, where the historical facts of the case are undisputed, the question whether the accident arose out of and in the course of the employment is a question of law. *Ward v. Halliburton Company,* 76 N.M. 463, 415 P. 2d 847 (1966); *Whitehurst v. Rainbo Baking Company,* supra. See generally, 100 C.J.S Workmen's Compensation § 611, at 869–71 (1958); 58 Am.Jur. Workmen's Compensation § 461 at 872–73 (1948). There was no material dispute as to the historical facts of this case in the court below. Therefore, under our precedents, the District Court should have determined whether the accident arose out of and in the course of the employment as a matter of law, and such determination is freely reviewable on appeal.

■ Turning to the merits, we find no holding in this jurisdiction directly on point. However, in the case of *Wilson v. Rowan Drilling Co.,* 55 N.M. 81, 94, 227 P.2d 365, 373 (1950), this court said:

"We are committed to the doctrine that the Workmen's Compensation Act must be liberally construed, and reasonable doubts resolved in favor of employees. [Citations omitted.] So construing the act, we conclude that when an employee is sent by his employer on a special mission away from his regular work; or by the terms of his contract of employment he is burdened with a special duty incidental to, but aside from the labor upon which his wages are measured; while on such mission, or in the performance of such duty, the employee is acting within the course of his employment; notwithstanding no wages or remuneration is specified as applicable to such mission or duty; and notwithstanding an automobile is required for such performance which is furnished by the employee without cost to the employer. If an employee is accidently injured while on such mission, or in the performance of such duty, the injury arises out of and in the course of his employment. * * *"

Edens was sent on a special mission to the meeting in Santa Fe, away from her regular work at the Bernalillo County North Valley Office. The question remains, however, whether she was performing that special mission at the time of the fatal accident. The Wilson case is helpful on this point as well. It quoted the case of *Rafferty v. Dairymen's League Co-op Ass'n,* 16 N.J.Misc. 363, 200 A. 493 (Work. Comp. Bur. 1938), and stated (55 N.M. at 90, 227 P.2d at 371):

"'An employe, authorized or required to use an automobile by his employer in

the fulfilling of his contract of service, is still within the course of his employment while driving from the point of last call to his home where the car is garaged. * * *'"

It is instructive here also to consider the words of this court in the case of *McKinney v. Dorlac,* 48 N.M. 149, 146 P. 2d 867 (1944), quoted in Wilson (55 N.M. at 92, 227 P.2d at 372):

"* * * an injury to an employe arises in the course of his employment if at a place where he may reasonably be, 'and while he is reasonably fulfilling the duties of his employment or *engaged in doing something incidental [thereto].*'"

When did the special mission begin? At the moment Edens left home that morning? When she picked up her colleagues? When she left the city limits of Albuquerque? When the meeting began in Santa Fe? The logical point at which her special mission began was at the moment she left her home for Santa Fe. This conclusion is amply supported by the authority cited above. The defendants would have us hold that the beginning of her duties of employment came when she met her colleagues in the Gulf Mart parking lot. However, the scope of employment is to be determined from the directions of her employer, and not from any agreement between her and her fellow employees. Thus, the fact that she agreed with her fellow employees to form a car pool at Gulf Mart was of no consequence to the scope of her employment.

In this regard, the following rules, as stated in 1 Larson on Workmen's Compensation Law, § 14.00 Meaning of "Course of Employment" (1972), are applicable:

"An injury is said to arise in the course of the employment when it takes place within the period of the employment, at a place where the employee reasonably may be, and while he is fulfilling his duties or engaged in doing something incidental thereto."

In considering the special errand rule, which is an exception to the "going and coming rule," Larson, supra, § 16.10 defines it as follows:

"The special errand rule may be stated as follows: When an employee, having identifiable time and space limits on his employment, makes an off-premises journey which would normally not be covered under the usual going and coming rule, the journey may be brought within the course of employment by the fact that the trouble and time of making the journey, or the special inconvenience, hazard, or urgency of making it in the particular circumstances, is itself sufficiently substantial to be viewed as an integral part of the service itself."

We agree that the special errand rule is applicable to this case.

Each of the four employees who went that day to Santa Fe was the on a special mission for their employer HSSD, and each was within the scope of his employment from the moment he left home until the moment he returned home at the end of the day. Therefore, we hold that the fatal injuries suffered by Betty Jean Edens arose out of and in the course of her employment, and that the "going and coming" rule is inapplicable to these facts.

The judgment is reversed and the case is remanded to the trial court, with instructions to make such further findings as are necessary to determine the amount of recovery and to whom payable, to consider the question of attorneys' fees at both the trial and appellate level, and to enter judgment accordingly.

IT IS SO ORDERED.

OMAN, C. J., and McMANUS, STEPHENSON and SOSA, JJ., concur.