This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ORLANDO GONZALES JR.,**

Worker-Appellant,

**v.**                                                                No. A-1-CA-35009

**ZEN WINDOW CLEANING, a/k/a ZEN MASTERS, a/k/a ZEN ENTERPRISES, INC,**

Uninsured/Employer-Appellee,

and

**NEW MEXICO UNINSURED EMPLOYERS' FUND,**

Statutory Third-Party.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**David N. Whitham, Workers' Compensation Judge Pro Tem**

Law Office of Alvin R. Garcia, LLC
Alvin R. Garcia,
Albuquerque, NM

for Appellant.

Chavez Law Offices, PA
Gene N. Chavez,
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

**{1}** Orlando Gonzales, Jr. ("Worker") brought a Workers' Compensation claim for injuries incurred as a result of a motor vehicle accident against Zen Window Cleaning ("Employer"). The Workers' Compensation Judge ("WCJ") concluded that Worker's injuries did not arise out of and in the course of his employment with Employer and therefore were not compensable. We affirm.

**BACKGROUND**

**{2}** Worker was employed as a window washer with Employer. Because the window cleaning took place at the customer's location, the job sites could differ from day-to-day. On a typical day, Worker would drop his wife off at work around 6:30 a.m. and then meet up with his co-workers at Employer's equipment storage facility in Albuquerque, New Mexico, to load up the company van with the necessary equipment for the day's work. The crew would then drive to the job site or sites. The company van could only seat two employees safely. As a result, the other employees would travel in their own vehicles from Employer's storage facility to the day's work site. An employee's compensable work day began at the storage facility and ended when the employee clocked out at the job site. There were instances where an

2

employee was paid for the time it took to return equipment to the storage unit at the end of the day. Worker testified that his co-workers were not being truthful when they said that they did not get paid to go back to the storage unit.

{3} There is undisputed testimony in the record that because he would drop off and pick up his wife from her place of employment, Worker needed to drive his vehicle everyday to the various job sites. Worker and Employer had an agreement that Worker could end his workday early enough to be able to pick up his wife by 3:00 p.m. It was Worker's routine to forgo his fifteen-minute afternoon break and leave the jobsite between 2:30 and 2:45 to pick his wife up from work by 3:00 p.m. Worker was not clear on whether he was getting paid his hourly wage to drive to and from the job site or whether he was getting paid mileage. He was also confused on how he was getting paid and whether he was getting paid to travel to job sites. He did know that he never provided any paperwork to reflect his mileage. The evidence presented was a one time mileage payment to Worker.

{4} On July 26, 2013, Worker and another employee, Paul Dominguez (Dominguez), drove in Worker's personal vehicle from the storage facility to the day's work site in Rio Rancho, New Mexico. The other two employees drove to Rio Rancho in the company van. Typically, Worker would not travel back to the storage facility after the work day was complete, unless his presence was required to unload

equipment. As noted earlier, his routine was to leave from the work site in his personal vehicle to go pick up his wife from work. Worker was notified shortly after 2:00 p.m. by his supervisor that he could leave early that day. As soon as Dominguez realized he could leave early as well, he offered Worker $5.00 to get a ride back to the storage facility. While they were driving back to the storage facility, Worker's car was rear-ended, resulting in Worker's injury.

{5} Worker's compensation claim against Employer was bifurcated for purposes of initially determining whether Worker's accident occurred in the course and scope of his employment. After a trial on the merits, the WCJ concluded that Worker was not in the course and scope of his employment because "Worker had completed his daily work activities and had left the work site with permission of Employer when he was involved in a motor vehicle accident while commuting home." The WCJ considered Worker's agreement to drive the other employee to his car as voluntary ride sharing, and concluded that the Worker's Compensation Act (the Act), NMSA 1978, §§ 52-1-1 to -70 (1929, as amended through 2017) did not apply. Consequently, the WCJ dismissed Worker's claim with prejudice. This appeal followed.

{6} Worker's argument is threefold. First, Worker asks us to examine whether the WCJ committed error by denying his motion for judgment on the pleadings. Next, Worker argues generally that his injuries are compensable because at the time he was

acting within the scope of his employment. He specifically argues that he met the requirements for the exceptions to the going-and-coming rule, including the traveling-employee exception. Finally, Worker encourages us to adopt a new exception to the going-and-coming rule not currently recognized in New Mexico known as the "own conveyance" exception.

**STANDARD OF REVIEW**

{7}     We review factual findings of the WCJ "under a whole record standard of review." *Moya v. City of Albuquerque*, 2008-NMSC-004, ¶ 6, 143 N.M. 258, 175 P.3d 926. Under this standard of review, we consider "all the evidence bearing on the WCJ's decision in order to determine if there is substantial evidence to support the result." *Flores v. McKay Oil Corp.*, 2008-NMCA-123, ¶ 7, 144 N.M. 782, 192 P.3d 777. We give deference to the fact-finder where findings are supported by substantial evidence. *See Dewitt v. Rent-A-Ctr., Inc.*, 2009-NMSC-032, ¶ 12, 146 N.M. 453, 212 P.3d 341. "Substantial evidence on the record as a whole is evidence demonstrating the reasonableness of an agency's decision[.]" *Id.* We will not "reweigh the evidence [or] replace the fact[-]finder's conclusions with our own." *Id.* "Where the testimony is conflicting, the issue on appeal is not whether there is evidence to support a contrary result, but rather whether the evidence supports the findings of the trier of

fact." *Tom Growney Equip. Co. v. Jouett*, 2005-NMSC-015, ¶ 13, 137 N.M. 497, 113 P.3d 320 (internal quotation marks and citation omitted).

**{8}** Whether Worker's injuries are compensable under the Act are a question of law, if the facts are largely undisputed. *See Edens v. N.M. Health & Soc. Servs. Dep't*, 1976-NMSC-008, ¶ 10, 89 N.M. 60, 547 P.2d 65; *Ramirez v. Dawson Prod. Partners, Inc.*, 2000-NMCA-011, ¶ 14, 128 N.M. 601, 995 P.2d 1043. "When an agency that is governed by a particular statute construes or applies that statute, the [appellate courts] will begin by according some deference to the agency's interpretation." *Morningstar Water Users Ass'n v. N.M. Pub. Util. Comm'n*, 1995-NMSC-062, ¶ 11, 120 N.M. 579, 904 P.2d 28. This Court, however, "is not bound by the agency's interpretation and may substitute its own independent judgment for that of the agency because it is the function of the courts to interpret the law." *Id.* Because our review of this case requires us to construe the Act, our primary goal is to "give effect to legislative intent." *El Paso Elec. Co. v. N.M. Pub. Regulation Comm'n*, 2010-NMSC-048, ¶ 7, 149 N.M. 174, 246 P.3d 443; *State v. Smith*, 2004-NMSC-032, ¶¶ 9-10, 136 N.M. 372, 98 P.3d 1022 (summarizing our canon of statutory construction).

6

**DISCUSSION**

**I.      Worker's Injuries Do Not Fall Within the Traveling-Employee Exception to the Going-and-Coming Rule**

**{9}**      Worker argues that the WCJ erred in determining that Worker did not fall within the traveling employee exception to the going-and-coming rule. Under the particular circumstances of this case, we agree with the WCJ and hold that Worker does not fall within this exception.

**{10}**      The Act, is designed "to compensate workers for injury arising out of and in the course of employment." *Flores*, 2008-NMCA-123, ¶ 9.  This includes

> accidental injuries to workers . . . resulting from accidental injury as a result of their employment and while at work in any place where their employer's business requires their presence but shall not include injuries to any worker occurring while on his way to assume the duties of his employment or after leaving such duties[.]

NMSA 1978, § 52-1-19 (1987). An injury arises out of and in the course of employment if the injury was sustained "during the commission of an activity that is reasonable and foreseeable both as to its nature and manner of commission." *Ramirez*, 2000-NMCA-011, ¶ 14.

**{11}**      The Act excludes injuries incurred by an employee "while on [the] way to assume the duties of . . . employment or after leaving such duties," commonly referred to as the going-and-coming rule. *Rodriguez v. Permian Drilling Corp.*, 2011-NMSC-032, ¶¶ 9, 10, 150 N.M. 164, 258 P.3d 443 (alteration, internal quotation marks and

7

citation omitted). The traveling-employee exception is one exception to the going-and-coming rule that our courts have recognized. *Ramirez,* 2000-NMCA-011, ¶ 11. A traveling employee is an employee "for whom travel is an integral part of their jobs, such as those who travel to different locations to perform their duties, as differentiated from employees who commute daily from home to a single work[]place." *Id.* (internal quotation marks and citation omitted). Traveling employees are distinct from commuters whose injuries are excluded from compensation under the Act. *See Flores,* 2008-NMCA-123, ¶ 27. The distinction between a commuting employee and a traveling employee is that "travel undertaken by a traveling employee provides substantial benefit to both employee and employer." *Rodriguez,* 2011-NMSC-032, ¶ 13. "The activity giving rise to the injury must confer some benefit on the employer." *Id.* (internal quotation marks and citation omitted).

{12}     "[W]hether a worker's injury arose out of his [or her] employment is a question of fact." *Ramirez,* 2000-NMCA-011, ¶ 14. The application of the traveling-employee exception must be decided on a case-by-case basis. *See Wilson v Rowan Drilling Co.,* 1950-NMSC-046, ¶ 29, 55 N.M. 81, 227 P.2d 365.

{13}     *Ramirez* set forth certain considerations relevant to determining whether an employee is a traveling employee for purposes of the Act. These considerations include "that an injury . . . takes place within the period of employment, at a place

8

where the employee may reasonably be, and while the employee is reasonably fulfilling the duties of employment or doing something incidental to it." 2000-NMCA-011, ¶ 16 (internal quotation marks and citation omitted).

**{14}** In *Rodriguez*, our Supreme Court approved several additional considerations to determine whether a worker is within the traveling-employee exception, including:

> (1)  whether the travel occurred during working hours[;]
>
> (2)  whether the travel occurred on or off the employer's premises[;]
>
> (3)  whether the travel was contemplated by the employment contract, and[;]
>
> (4)  whether the obligations or conditions of employment created a 'zone of special danger' out of which the injury arose.

2011-NMSC-032, ¶ 14 (internal quotation marks and citation omitted).

**{15}** Here, Worker contends that the traveling-employee exception applies because he used his personal vehicle to drive to and from job sites and on this particular day agreed to transport a co-worker back to the storage facility at the end of the work day, thereby conferring a benefit to the employer. Worker's use of his vehicle to get to and from the various job sites conferred a mutual benefit to him and Employer. Worker testified that his daily routine was to drop his wife off at work before he started his work day and after he finished his work day, pick his wife up from work by 3:00 p.m. and head home to Los Lunas. Employer did not have a vehicle that accommodated

more than two employees, safely, at a time. There was no testimony in the record to show that Worker and his wife had alternative transportation plans in the event Worker got a ride in the company van to the various job sites. There was conflicting testimony from Worker and his co-worker whether co-worker gave him money to get a ride back to the storage unit. Nonetheless, Worker volunteered to give his co-worker a ride and was not directed by Employer to do so. On this particular day, Worker was not required to travel back to the storage facility for any purpose related to his employment. After Worker had been given permission to leave the job site, he was going to drop his co-worker off at the storage unit and then pick up his wife and drive home, just as he did at the end of every other work day. *See Flores*, 2008-NMCA-123, ¶ 22 (noting that "the hazards of traveling to and from work are not hazards of the job but hazards that are faced by all travelers that are unrelated to the employer's business"). We conclude that because Worker's motor vehicle accident was not within the course and scope of his employment, he does not fall within the traveling-employee exception to the going-and-coming rule.

**II. The WCJ Properly Denied Worker's Motion for Judgment on the Pleadings**

**{16}** Pursuant to Rule 1-012 NMRA, Worker filed a motion for judgment on the pleadings. Employer's failure to comply with the Act's insurance provisions deprived him of the right to assert defenses. Additionally, Worker argued that Employer lacked

10

legal capacity to defend the lawsuit because its owner, Phillip Landry, did not comply with corporate filing requirements.

{17} In an oral ruling prior to the trial on the merits, the WCJ denied Worker's motion for judgment on the pleadings. The WCJ reasoned that in order to make a sound decision as to the substantive issue of whether Worker was acting within the course and scope of his employment at the time of the accident, he needed to proceed with a full trial on the merits.

{18} "We review judgments on the pleadings made[,] pursuant to Rule 1-012(C) NMRA according to the same standard as motions for failure to state a claim under Rule 1-012(B)(6) NMRA." *Vill. of Angel Fire v. Bd. of Cty. Comm'rs of Colfax Cty.*, 2010-NMCA-038, ¶ 5, 148 N.M. 804, 242 P.3d 371. We therefore accept all facts well pleaded, and we review the district court's interpretations of law de novo. *See id.*

{19} Worker presents four arguments on appeal: (1) because Employer did not maintain its corporate status as required by law, the WCJ abused its discretion by finding that Phillip Landry d/b/a Zen Window Cleaning was the employer; (2) because Employer did not maintain its corporate status or its worker's compensation insurance, Employer cannot rely on the going-and-coming defense; (3) the Uninsured Employers' Fund (UEF) is the proper party to the proceedings, not Employer in this action; and (4) Employer's answer was untimely.

{20} Worker merely identifies *Addison v. Tessier*, 1957-NMSC-002, 62 N.M. 120, 305 P.2d 1067 and *Arvas v. Feather's Jewelers*, 1978-NMCA-075, 92 N.M. 89, 582 P.2d 1302 in support of his failure-to-maintain-insurance argument, by informing this Court that his citations to those cases in his motion should "instruct" this Court on the consequences of not maintaining the requisite insurance. Worker goes on to propose that the "lack of corporate capacity" and the Employer's failure to maintain Worker's compensation insurance "is likely a part" of the reason why the Legislature created the UEF. Consequently, the UEF is the proper party to this action, not Employer. However, Worker provides no supporting analysis for his broad conclusion that UEF is the proper party. Interestingly, at the motion hearing, Worker's attorney conceded that whether the employer was Phillip Landry or Zen Window Cleaning had no effect on "whether or not [Worker's] accident occurred within the course and scope of his employment." Worker also contends that as a result of Employer's failure to timely file an answer that includes the "defense" of the going-and-coming rule, he has waived that "defense." Again, Worker provides no supporting authority or analysis to support his argument.

{21} Because Worker's general disjointed arguments provide no substantive authority or analysis to support his position, we decline to address these issues relative to his motion for judgment on the pleadings. *See Corona v. Corona*, 2014-NMCA-

12

071, ¶ 28, 329 P.3d 70 ("This Court has no duty to review an argument that is not adequately developed."). "To rule on an inadequately briefed issue, [the appellate court] would have to develop the arguments itself, effectively preforming the parties' work for them." *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53. "This creates a strain on judicial resources and a substantial risk of error. It is of no benefit either to the parties or to future litigants for this Court to promulgate case law based on our own speculation rather than the parties' carefully considered arguments." *Id.* We affirm the WCJ's denial of Worker's motion for judgment on the pleadings.

**III.    We Decline to Adopt the Own Conveyance Rule**

{22}    Worker's final argument is a proposal to this Court to adopt an additional exception to the going-and-coming rule known as the "own conveyance" rule. *See Carnes v. Phx. Newspapers, Inc.*, 251 P.3d 411, ¶ 8 (Ariz. Ct. App. 2011) (stating that the "employee's own conveyance rule" is an exception to the going-and-coming rule (internal quotation marks omitted)). Worker argues that because he was using his own vehicle during the working day, the trip to and from work is enough to be within the course of employment.

{23}    Worker cites in block quotes several out of jurisdiction cases where the own conveyance rule has been adopted in an attempt to illustrate the need to adopt the own

13

conveyance rule in New Mexico and equate the circumstances of those cases with his, as well as *Larson's Worker's Compensation Law* treatise, but never sets forth any analysis to support his argument. This Court will not guess at Worker's analysis nor we will we do his work for him. Again, since Worker's arguments provide no substantive analysis to support his position, we decline to address these issues relative to the own conveyance rule adoption. *See Corona*, 2014-NMCA-071, ¶ 28; *see also Elane Photography, LLC*, 2013-NMSC-040, ¶ 70.

**CONCLUSION**

{24}    We conclude that there was substantial evidence in the record to support the WCJ's conclusion that Worker's injuries did not arise out of and in the course of his employment with Employer and, therefore were not compensable under the Act. We find Worker's remaining arguments without merit. We affirm the WCJ's dismissal of Worker's claim with prejudice.

{25}    **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**

_____

14

**MICHAEL E. VIGIL, Judge**