Van Voorhis, J.
The sole issue on this appeal is whether decedent’s death resulted from accidental injuries sustained while engaged in the regular course of his employment and arising out of such employment. Appellants contend that the determination of the board is without support in fact or law and that decedent did not sustain an accident which arose out of and in the course of his employment.
The facts are not in dispute. Decedent resided in the town of Elmsford, a short distance from White Plains, New York, and was employed as a bookkeeper by appellant Coverly, an agent for Mutual of Omaha, at its office in White Plains. Occa *30 sionally decedent was required to visit other offices of Omaha in various cities of New York State for the purpose of explaining the bookkeeping methods and procedure of Omaha to employees in those offices. The decedent apparently used his own car on such trips, but received a salary and bonuses to cover the extra work and traveling expenses.
At about 11 o’clock in the morning on March 2, 1954, as requested by the district manager of the Kingston office of Omaha, the decedent left the White Plains office and drove some 77 miles to Kingston to explain bookkeeping procedures. A male friend of the decedent accompanied him on this trip. They arrived in Kingston about 1 o’clock in the afternoon, decedent finished his work in the office at about 5:00 p.m. and, accompanied by his friend, drove south to keep a dinner engagement at the home of a relative of the decedent just north of New-burgh. After dinner these three men drove to Newburgh, where decedent visited two automobile sales agencies for the purpose of buying a car. After leaving the automobile agencies, the three men went to a tavern where they had several drinks, then returned to the relative’s home, where they played cards until about 3 o’clock the next morning. Between 3:00 and 3:30 that morning, the decedent and his friend left for home. They stopped at a diner and then continued southward toward Elms-ford. At 5:00 or 5:30 o’clock that morning, at a point about one mile from the decedent’s home, at the intersection of Old Saw Mill River Road and Beaverhill Road in Elmsford, the car crashed into a tree and came to rest against a stone wall. The decedent was killed. His automobile was a total wreck.
The Workmen’s Compensation Board and the Appellate Division, in sustaining this award, have proceeded on the basis that since the accident occurred while the employee was returning to his home from a business trip, it necessarily arose out of and in the course of his employment. The circumstance that he combined business with some pleasure would not defeat the claim, unless the accident resulted from risks produced by the personal activities. We think that it did. Here it was the employer’s business which sent the traveler forth upon the journey, but it was not the employer’s business which brought exposure to the perils in consequence whereof he died. In order to be compensable, death or disability must not only have arisen in the *31 course .of the employment, it must also have arisen ‘1 out of ’ ’ the employnaept (Matter of Heitz v. Ruppert, 218 N. Y. 148 Matter of Blackley v. City of Niagara Falls, 284 App. Div. 51). An accident does not arise “ out of ” an employment when it has been occasioned by some merely personal indulgence or gratification. Departure from the course of an employment does not always depend entirely on whether an employee, in making a business trip, was on the route to or from the place where the business was to be transacted. It may also .consist in deviation from the procedure which would ’ normally be followed in accomplishing the business errand, where the death or disability has been the consequence of the deviation. Thus if an employee were sent on a mission which would ordinarily be accomplished in some simple and safe manner, but nevertheless undertook to perform it in some extraordinary and hazardous fashion, there is little doubt that an accident would not be compensable if it arose from the bizarre and dangerous manner of performance which the employee had selected. Thus, for instance, if an employee were sent on an errand requiring him to cross a bridge that could have been done in perfect safety, but, instead, the employee chose for his amusement to cross by walking across a girder of some uncompleted nearby bridge from which he fell into the river, recovery in workmen’s compensation would not be available. Such an accident would not have arisen ‘ ‘ out of ’ ’ the employment, even though, at the time, the employee might have been on the direct route to or from the place of transaction of the employer’s business.
The point is thus expressed in the dissenting memorandum at the Appellate Division by Justice Halpebu : “ The return trip, from 3:80 to 5:00 a.m., after a night spent in personal activities, with very little, if any, sleep, was not the kind of trip in which the decedent would have engaged if he had returned at the conclusion of his work or shortly thereafter. The risks of the trip were substantially increased by the intervening activities and lack of sleep (Larson, op. cit. [on Workmen’s Compensation Law] § 19.61). The trip lost its ‘ identity ’ as part of the decedent’s employment.” This was different from stopping- to' make a personal call or varying the route to or from the place of business for some personal reason whereby fhe risk or hazard is not materially increased. In this instance *32 it is impossible to believe that the decedent’s personal activities are not what created the peril that resulted in his death.
The order appealed from is reversed and the claim dismissed, without costs.