In the Matter of the Claim of EDWARD GOLDFINE, Appellant, v. BARSOL (PARSON) CAB OPERATING CO., INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board which affirmed a Referee's decision disallowing the claim on the ground the injury did not arise out of and in the course of employment. Claimant, a cab driver, was injured in a scuffle with another motorist following a "near" accident. The board noted in its memorandum of decision: "There is evidence in the record indicating that the claimant initiated the altercation and that the claimant took himself out of the employment when he got out of his cab and assaulted the motorist." We agree that there is substantial evidence in the record justifying this comment. The memorandum of decision recites further: "The Board finds on the evidence that the claimant in getting out of the cab and initiating the altercation removed himself from the employment." The case is very closely analogous to *Matter of Adelstein* v. *Bellride Transp. Corp.* (15 A D 2d 690, motion for leave to appeal denied 11 N Y 2d 643). The cases principally relied upon by the claimant are cases where there was an affirmance of a finding by the board the other way. Moreover, in this case the board found "the injury was occasioned by the claimant's wilful intention to injure the motorist" (Workmen's Compensation Law, § 10). There is substantial evidence to support the factual determination of the board. Decision unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.

In the Matter of the Claim of EARL TRACEY, Respondent, v. DOMINIC TANTALO et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and carrier appeal from a finding of 50% continuing causally related permanent partial disability and the computation of the claimant's average weekly wage pursuant to section 14 of the Workmen's Compensation Law. A report by Dr. James A. Elkins, who examined the claimant on behalf of the appellants, advised that the claimant did not have a ruptured disc — as described by claimant's doctor — but that he suffered an aggravation of pre-existing arthritis, which resulted in a 50% permanent partial disability. The doctor was not called to testify and the report is not controverted by any evidence in the record. An impartial specialist also testified that claimant was suffering from arthritis. The record as a whole establishes that at the very least the claimant did aggravate a pre-existing arthritic condition, which is permanent and that he is at least 50% disabled as a result thereof. The board properly applied the provisions of section 14 in computing his average weekly wage as his employment was not seasonal but subject to weather conditions and the claimant did not limit his employment. Decision unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ.