Burke, J.
The sole issue before us on this appeal is whether claimant, who has already received disability insurance benefits, is also entitled to workmen’s compensation benefits on the ground that his injury arose out of as well as in the course of his employment.
The Appellate Division, in affirming the award of compensation to claimant by the Workmen’s Compensation Board, held that the board was warranted in finding as a question of fact that claimant’s injury was work connected, but where, as here, the facts are undisputed, only a question of law is presented (Matter of Martin v. Plant, 293 N. Y. 617, 618).
Claimant, employed as a traveling salesman, was in the course of his employment at a motel in Chicago when this accident occurred. He was due in Duluth, Minnesota, approximately 550 miles distant, two days later. The accident occurred at 8:30 in the morning, when, as claimant describes it, he was rushing to complete dressing so that he could begin his drive to Duluth before anticipated heavy traffic. In putting on his trousers his right leg got tangled in the trouser leg and he fell over backwards, suffering back injuries for which he now seeks compensation.
It is well settled that for compensation purposes an injury suffered by an employee while out of town on the business of his employer may be ‘ ‘ work connected ’ ’ even where the employee at the time of the accident was not actively engaged in the duties of his employment. Thus, we have upheld awards where the employee slipped in a bathtub (Matter of Miller v. Bartlett Tree Expert Co., 3 N Y 2d 654); was injured by a hairbrush bristle entering his eye when a train on which he was riding jolted (Matter of Lief v. Walser & Son, 272 N. Y. 542), or was subjected to some hazard peculiar to the place or region to which his employment necessitated he travel (Matter of Lepow v. Lepow Knitting Mills, 288 N. Y. 377 [region infested with deadly insects]; Matter of Lewis v. Knappen Tippetts Abbett Eng. Co., 304 N. Y. 461 [claimant killed by unidentified Arab in military uniform in Israel]). Similarly, awards have been allowed in certain cases where injured employees were required to live at their place of employment. For example, in Matter of Underhill v. Keener (258 N. Y. 543) we upheld an award made to a hotel cook, resident on the premises, who fell down a stairway on her way to the bathroom after she had finished her work and *540 retired to her room for the night. (See, also, Matter of Behan v. County of Onondaga, 26 A D 2d 609, mot. for Iv. to opp. den. 18 N Y 2d 579.) In all such cases, however, the claimant’s injury was due, at least in part, to an environmental factor which might reasonably be viewed as having some causal connection with the accident suffered by the employee who was conducting himself in a reasonable manner. (Compare Matter of Orpin v. Brother & Co., 15 A D 2d 282, affd. 12 N Y 2d 749, where claimant’s death by drowning in a hotel bathtub had been found to be due to his own negligence.)
In our view a line must be drawn at this point. Where an accident is attributable solely to the personal acts of the claimant, and cannot be attributed in any way to the environment into which the employee has been brought by his employment, the. provision of compensation for resulting injury or death hardly seems to come within the intent or purpose of the law. (See 1 Larson, Workmen’s Compensation Law, .§ 25.22.) As a matter of law such injury or death ought to be held noncompensable.
The cases involving household employees are of no help to claimant. With respect to such employees we have allowed a special exception, as Judge Thacher expressly recognized in Matter of Martin v. Plant (supra). There this court indicated that virtually any injury, no matter how personal the circumstance giving rise to the risk of such injury, would be compensable if suffered by a household employee. Such is the nature of domestic employment that this all embracive protection of the employee seems called for, but we are not inclined to extend such protection to other classes of employees whose activities and way of life are not so tightly circumscribed by the circumstances of their employment.
In this case the room which claimant occupied in no way contributed to the accident. The sole cause of the accident was claimant’s loss of balance while putting on his pants. The very same sort of accident could have as easily occurred at his home or at any other place. We do not see how this accident can reasonably be termed “work connected.”
Accordingly, the order appealed from should be reversed, without costs.