■ In the Matter of the Claim of RICHARD ROBARDS, Respondent, v. NEW YORK DIVISION ELECTRIC PRODUCTS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. In the Matter of the Claim of MARION LYONS, Respondent, v. EDWIN STOLL, Doing Business as NEW YORK DIVISION ELECTRIC PRODUCTS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeals by the employer and its insurance carrier from decisions of the Workmen's Compensation Board, filed June 25, 1968 and December 5, 1968. Both claims arise out of a motor vehicle accident which occurred at about 11:30 P.M. on March 27, 1967 on Route 20 between Hancock, Massachusetts and the New York State line. On that day Daniel Lyons, a mechanic, and Richard Robards, a mechanic's helper, were directed by their employer whose business was located in the City of Poughkeepsie, New York, to install equipment at the Hoag's Corners Hotel, and at the Park Restaurant at Sand Lake in Rensselaer County. They arrived at Hoag's Corners at 11:00 A.M. and finished work there at 6:30 P.M. They then drove to Sand Lake in the company truck to look over the job and to leave some equipment. At about 7:30 P.M. they drove to a motel at West Lebanon, New York, and arranged for a room and then proceeded on Route 20 to a restaurant for dinner, arriving there at about 8:00 P.M. They left the restaurant at about 9:30 P.M. and drove easterly to a bar where Daniel Lyons had done some work the year before. Finding this place closed, they drove further east to a bar near Pittsfield, Massachusetts and arrived there at about 10:15 P.M. While there, they played four or five games of pool and had four or five eight-ounce glasses of beer. At about 11:00 P.M. they left the bar and drove westerly on Route 20 to return to the motel. At a point near Hancock, Massachusetts, they were involved in an accident which occurred at about 11:30 P.M. Daniel Lyons died at the scene of the accident. The employer confirmed that the only transportation that they had for these trips was the company truck, and that they were reimbursed for meals and lodging. Appellants contend that the accident did not arise out of and in the course of employment. Where an employee, as part of his duties, is directed to remain in a particular place or locality until directed otherwise or for a specified length of time " the rule applied is simply that the employee is not expected to wait immobile, but may indulge in any *reasonable* activity at that place, and if he does so the risk inherent in such

activity is an incident of his employment." (*Matter of Davis* v. *Newsweek Mag.*, 305 N. Y. 20, 28; see, also, *Matter of Meredith* v. *United States Ind. Chems. Co.*, 14 A D 2d 955, mot. for lv. to app. den. 11 N Y 2d 641.) "Where an employer sends an employee away from home it has been held that the test as to whether specific activities are considered to be within the scope of employment or purely personal activities is the reasonableness of such activities. Such an employee may satisfy physical needs including relaxation * * * The determination by the board as to whether given activities are reasonable is one of fact". (*Matter of Fleer* v. *Glens Falls Ins. Co.*, 16 A 'D 2d 186, 188, mot. for lv. to app. den. 11 N Y 2d 646.) Considering the relatively early hour at which the accident took place, the lack of evidence of intoxication, the fact that Lyons and Robards were returning to their motel when the accident occurred, and the fact that they were within a reasonable distance from the place where they were required to work, we agree with the board's finding that the employees were "indulged in reasonable activity which could be considered an incident of the employment." There being substantial evidence to support the determination, it must be affirmed. (*Matter of Anadio* v. *Ideal Leather Finishers*, 32 A D 2d 40; *Matter of Dreyfus* v. *Philips Labs.*, 28 A D 2d 1033.) Decisions affirmed, with one bill of costs to respondents filing briefs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Staley, Jr., J.