In the Matter of the Claim of JOSEPH DI PERRI, Respondent, *v.* BOYS BROTHERHOOD REPUBLIC OF NEW YORK, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 3, 1971.

318

*Meyer Licht* for Boys Brotherhood Republic of New York, Inc., appellant.

*J. Robert Morris* for Aetna Casualty and Surety Company, appellant.

*Louis J. Lefkowitz, Attorney-General (Henriette Frieder* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

*Modugno & Caruso* for claimant-respondent.

SIMONS, J. This is an appeal from a decision of the Workmen's Compensation Board awarding benefits to the claimant and from a determination that the employment was illegal under section 14-a of the Workmen's Compensation Law.

The claimant was a minor, 16 years of age, who worked during the summer as a kitchen helper and waiter at a camp operated by the respondent, located about 30 miles from New York City. He was required to live at the camp, serve meals in the dining room, wash dishes and clean up the kitchen in return for board and lodging and an incentive merit bonus at the end of the year. He was asked to get working papers by his employer but failed to do so.

At the end of July there was a three-day break in the camp's program. The claimant was allowed to go to his home in New

York City, but was instructed to return on Sunday evening, July 29, 1968 and be ready to work the following morning. The claimant returned Sunday evening, as directed, and since he had free time he and some of his coemployees walked down the road to a nearby camp which they had frequented before to the knowledge of the employer. There they went into the recreation hall and did gymnastics. During the course of play, claimant fractured his knee cap and the board awarded him compensation.

To be compensable, an injury must arise out of and also in the course of employment. (Workmen's Compensation Law, § 10.)

It is generally held that an injury resulting from recreational activity is not sustained in the course of employment unless the activity occurs on the premises as a regular incident of employment, or the employer either expressly or impliedly required participation in the activity by the employee, or, unless the employer derives substantial direct benefit from the activity. (*Matter of Congdon* v. *Klett,* 307 N. Y. 218.) Furthermore, an injury arises out of employment only if it was caused by a risk to which the employee was exposed by reason of the conditions of his employment. (*Matter of Seymour* v. *Rivera Appliances Corp.,* 28 N Y 2d 406.) This accident did not occur either in the course of employment or arise out of the employment.

The board has cited several cases for our consideration, all of which are distinguishable. The awards in *Matter of Leonard* v. *People's Camp Corp.* (9 A D 2d 420, affd. 9 N Y 2d 652) and *Matter of Simons* v. *Hedges* (286 App. Div. 1044) were specifically premised on the fact that the accident occurred upon the employer's property. In *Matter of Rizzo* v. *Syracuse Univ.* (2 A D 2d 641) claimant was a research assistant assigned by his employer to a project in the Rocky Mountains, the place where the accident occurred. In *Matter of Gabunas* v. *Pan Amer. Airways* (279 App. Div. 697) a stewardess was ordered to remain in Portugal until her plane was ready for its return flight.

The claimant was forced to work at a place away from his home, but he was not obliged to seek recreation at a neighboring camp as an incident of his employment. The fact that claimant may have sustained an injury while engaged in a reasonable personal activity while compelled to be away from home by the nature of his employment does not make the injury per se compensable. (*Matter of Kaplan* v. *Zodiac Watch Co.,* 20 N Y 2d 537.) This recreation was not in the course of his duties at the camp nor was it caused by any risk incident to his work. There was no link between the employment and the injury.

The decision should be reversed, and claim dismissed, with costs to appellant against the Workmen's Compensation Board.

HERLIHY, P. J. (dissenting). The claimant, a New York City resident, was hired by the New York City employer in January of 1968 to work at a summer camp maintained by the employer outside of New York City during the summer months of 1968. The accident at issue in this case occurred while the claimant was residing at the summer camp as required by the employer and as the claimant was engaged in recreational activity during his free time upon premises not owned by the employer.

It appears that the majority interpretation of the precedents as precluding a recovery in this case because the accident occurred off the premises of the employer and/or because it was a personal activity is too restrictive. The personal activity found uncompensable as a matter of law in *Matter of Kaplan* v. *Zodiac Watch Co.* (20 N Y 2d 537) was of such a purely personal nature as to be in no way realistically arising out of the employment and the injuries resulted solely from the performance of the activity. (Cf. *Matter of Paduano* v. *New York State Workmen's Compensation Bd.,* 25 N Y 2d 669.) It is well established that seeking recreation by an outside employee or by an employee required to reside on the employer's premises is not a purely personal activity as a matter of law within the meaning of the *Kaplan* or *Paduano* cases. (See *Matter of Leonard* v. *Peoples Camp Corp.,* 9 A D 2d 420, affd. 9 N Y 2d 652.)

Most notably, neither the majority nor the appellant has cited a single case in which an employee required to temporarily reside upon his employer's premises was denied a recovery solely because the accident occurred off the employer's premises. It is not difficult to assume facts where a camp employee off the employer's premises would ordinarily be entitled to compensation for accidental injuries.

The board found, *inter alia,* that the use of the recreational facilities at the place where the accident occurred was *permitted* by the employer. The record establishes that the claimant had to have permission from the employer to leave the employer's premises and further that the employer was expected by the owner of the premises where the accident occurred to discipline such boys as misbehaved while using the furnished facilities. It appears that the control of the employer over employees such as the claimant was such as to include the power to forbid the claimant to use the facilities of the neighboring camp. Upon the present record the recreational facilities were in fact an incidental adjunct to the employer's own facilities because of the habitual permitted use of the nonowned facilities.

If the claimant were injured while utilizing the same facilities upon his employer's premises he would have been considered as being in the course of his employment in the present case. There is no difference in reality between being on the employer's premises or off them in the present practical situation. To deny a recovery herein is merely an artificial distinction without substance as vis-à-vis an accident while engaging in recreation on the employer's premises. (Cf. *Matter of Dow* v. *Collins*, 22 A D 2d 250, mot. for lv. to app. den. 15 N Y 2d 487.)

In any event, it appears that the present situation would fall within the class of cases concerning a claimant who is required by his employment to temporarily sojourn away from home (*Matter of Leonard* v. *Peoples Camp Corp.*, 9 A D 2d 420, 422, affd. 9 N Y 2d 652; *Matter of Eixman* v. *Rothman's East Norwich Inn*, 6 A D 2d 911).

There was substantial evidence to sustain the board's factual findings.

The employer's contention that the employment was casual in nature within the meaning of subdivision 3 (par. a, subpar. [4]) of section 132 of the Labor Law is without merit.

The decision should be affirmed.

REYNOLDS and SWEENEY, JJ., concur with SIMONS, J.; HERLIHY, P. J., dissents and votes to affirm in an opinion in which GREENBLOTT, J., concurs.

Decision reversed and claim dismissed, with costs to appellant against the Workmen's Compensation Board.