Gibson, J.
Appeal is taken by the Workmen’s Compensation Board from an order of the Appellate Division, Third Department, which, with two Justices dissenting, reversed a decision and award of the Workmen’s Compensation Board and dismissed the claim.
Claimant, a resident employee of a summer camp distant from his home, was injured during off-duty hours while engaged in gymnastics in the recreation hall of an adjacent camp, the regular use of the recreation hall by claimant and his coemployees being with the knowledge and acquiescence of the management of that camp and of claimant’s employer as well. These facts are not disputed and the issue arises upon the board’s application of the statutory and decisional law. The great *217 weight of authority governing away-from-home injuries rather clearly supports the board’s finding of a compensable accident and it follows that the order appealed from must be reversed.
As has been indicated, the facts are not in dispute and are well summarized in the prevailing opinion at the Appellate Division, as follows: ‘ ‘ The claimant was a minor, 16 years of age, who worked during the summer as a kitchen helper and waiter at a camp operated by the respondent, located about 30 miles from New York City. He was required to live at the camp, serve meals in the dining room, wash dishes and clean up the kitchen in return for board and lodging and an incentive merit bonus at the end of the year. * * * At the end of July there was a three-day break in the camp’s program. The claimant was allowed to go to his home in New York City, but was instructed to return on Sunday evening, July 29, 1968 and be ready to work the following morning. The claimant returned Sunday evening, as directed, and since he had free time he and some of his coemployees walked down the road to a nearby camp which they had frequented before to the knowledge of the employer. There they went into the recreation hall and did gymnastics. During the course of play, claimant fractured his knee cap and the board awarded him compensation.” (37 A D 2d 317, 318-319.)
One aspect of the factual situation may be outlined in more detail. The recreational facilities of the adjoining camp were regularly used by claimant and others of employer’s staff on their off-duty hours. This practice was known and allowed both by employer and by the management of the other camp. The employer’s executive director acknowledged that on occasion he had upbraided his employees for their behavior there when complaints were lodged by the adjoining management, but there is no indication he had forbidden the practice; and when asked whether he knew of his employees’ use of the neighboring facilities, replied, “ Of course ”. Clearly, then, the use of these facilities was with the implied approval of the employer, and neither the majority below nor any of the parties dispute this. As will appear, these facts are important as they sustain one of the alternative grounds for affirmance of the award advanced by the dissenters at the Appellate Division — that “ the recreational facilities were in fact an incidental adjunct to the employ-. *218 er’s own facilities because of the habitual permitted úse of the nonowned facilities ” — a conclusion which is thorougly sound, though not necessary to sustain the award.
The board found ‘ ‘ that claimant was injured * * * while engaged in a recreational activity which was known and permitted by the employer, and constituted a reasonable incident of the employment ” and directed an award.[1] The appeal to the Appellate Division followed.
There is abundant authority that the employment status continues during the normal activities of an employee required to travel or sojourn at a distance from his home. (Matter of Leonard v. Peoples Camp Corp., 9 A D 2d 420, 422, affd. 9 NY 2d 652.) With respect to both “ sojourn ” and “ travel ” the rule seems to derive from Matter of Davis v. Newsweek Mag. (305 N. Y. 20), a travel case, in which we said that “ the. rule applied is simply that the employee is not expected to wait immobile, but may indulge in any reasonable activity at that place, and if he does so the risk inherent in such activity is an incident of his employment ” (p. 28; emphasis as in original).
In the case at bar, the rationale of the reversal at the Appellate Division evidently rests on two grounds, each involving a lihe of cases inapplicable to the undisputed factual situation existing in this case: first, that the accident did not occur on the employer’s premises; second, that the recreational activity was a purely personal affair which could not give rise to a compensable accident. Contrary to the first contention, we have affirmed numbers of awards for accidental injuries sustained by away-from-home employees engaged in recreational activities off the employer’s premises; indeed, one would expect, in view of the basis of the rule favoring away-from-home employees, that many of the compensable accidents thus covered would normally occur away from the work premises. Contrary to the second contention adopted at the Appellate Division, recreational activities within the ambit of the rule are not purely personal activities within the rule of interdiction, as otherwise, obviously, there would never have been an award in any recreation case. The two grounds thus advanced by the Appellate *219 Division majority were stated as follows: First, said the court: “ It is generally held that an injury resulting from recreational activity is not sustained in the course of employment unless the activity occurs on the premises as a regular incident of employment, or the employer either expressly or impliedly required participation in the activity by the employee, or, unless the employer derives substantial direct benefit from the activity. (Matter of Gongdon v. Klett, 307 N. Y. 218.)” The second ground of the reversal was stated thus: ‘ ‘ The fact that claimant may have sustained an injury while engaged in a reasonable personal activity while compelled to be away from home by the nature of his employment does not make the injury per se compensable. (Matter of Kaplan v. Zodiac Watch Co., 20 N Y 2d 537.)” (37 AD 2d 317, 319.)
The first ground of the reversal, predicated upon Matter of Congdon v. Klett (307 N. Y. 218), was that the accident occurred off the premises but that factor was incidental to the denial of the award in Gongdon, which did not come within the rule hereinbefore stated primarily because claimant Gongdon was not an awáy-from-home employee and was not — and this is crucial — “ ‘ directed, as part of his duties, to remain in a particular place or locality until directed otherwise or for a specified length of time.’”[2] (p. 223; emphasis as in original; the quotation in Congdon being from Davis, 305 N. Y. 20, 27, supra). Congdon (307 N. Y., at pp. 221-222) also quotes at length from Larson, Workmen’s Compensation Law (Vol. 1, § 22); but the Larson section cited does not relate to employees away from home and is thus apposite to Gongdon but not to the case at bar. Apropos here, rather, is Larson’s subsequent section 24.30, dealing with “ [e]mployees living on the premises but not on call ”, in which (p. 435) the author remarks upon the line of cases commencing with O’Leary v. Brown-Pacific-Maxon (340 U. S. 504) “involving overseas construction workers, worhers in camps, and the like, marked by unusual breadth in the compass of coverage ” (emphasis supplied).
Thus, neither Gongdon nor the portion of the Larson text there quoted supports the order appealed from. Ample basis for the award is, on the contrary, to be found in a number of pertinent authorities.
*220 Thus, a laborer in a summer camp drowned while swimming on his day off, and the court held that swimming was a reasonable activity of workmen required to live at a distance from home (Matter of Leonard v. Peoples Camp Corp., 9 A D 2d 420, affd. 9 N T 2d 652, supra). A similar case was Matter of Roher v. Cherry Grove Hotel & Rest. (20 A D 2d 593, mot. for lv. to app. den. 14 N Y 2d 485) involving a hotel employee who drowned while docking the employer’s boat at a public dock after returning from a personal shopping trip. An award was sustained, also, in Matter of Dow v. Collins (22 A D 2d 250, mot. for lv. to app. den. 15 N Y 2d 487) in which decedent lived on the employer’s premises 150 miles from his home and was drowned while using his employer’s boat after working hours. So, too, an airline stewardess had an award for injuries sustained while riding a bicycle for recreation during a stop-over in Portugal (Matter of Gabunas v. Pan American Airways, 279 App. Div. 697). In another case, death benefits were awarded and sustained in the case of a dishwasher employed at a summer resort who drowned while canoeing during the afternoon off-duty period (Matter of Simons v. The Hedges, 286 App. Div. 1044). Similarly a research assistant sent to the Bocky Mountains was entitled prima facie to an award for injuries sustained when he went for a hike during a lull in his work and was injured by the collapse of an outcropping of rock (Matter of Rizzo v. Syracuse Univ., 2 A D 2d 641).
The cases present minor differences but all of them involve the central issue of an employee, required to work and stay at a place distant from home, injured while engaging in recreation of one sort or another during the idle hours which perforce occur during that kind of employment. The cases cited indicate, also, the error in the contention advanced in the case at bar that an injury in the course of recreation must occur on the employer’s premises in order to be compensable, as that supposed requirement did not obtain in any of these cases, except as in Leonard the lake in which the employee drowned happened to belong to the employer but the employee was not hired to work on the lake and there seems no basis for considering that the award which we sustained in that case would have been denied had legal title to the lake been in some other owner or, as in the other drowning cases, in the public. But even if there *221 were a requirement that the accident occur on the employer’s premises, the award now in issue would have to stand nevertheless because, as stated in Presiding Justice Heblihy’s dissent at the Appellate Division, ‘ ‘ the recreational facilities were in fact an incidental adjunct to the employer’s own facilities because of the habitual permitted use of the nonowned facilities
The other basis suggested for the reversal — that the gymnastics constituted a “personal” act within the meaning of Matter of Kaplan v. Zodiac Watch Co. (20 N Y 2d 537, supra) — is equally tenuous. Claimant Kaplan tripped and fell when stepping into his trousers, a normal and routine act of dressing performed daily, at home and abroad. As Judge Btjbke succinctly put it in Kaplan (p. 540): “ Where an accident is attributable solely to the personal acts of the claimant, and cannot be attributed in any way to the environment into which the employee has been brought by his employment, the provision of compensation for resulting injury or death hardly seems to come within the intent or purpose of the law.” (Emphasis as in original.) In the case at bar, differing from Kaplan, the environment is the very foundation of the recovery, being that of a summer camp to which claimant was rather closely confined, distant from his city home and secluded from most forms of entertainment and recreation. Thus, within the Davis rule, his participation, at the nearby recreation hall, in some form of exercise was a “ reasonable activity ” and “ the risk inherent in such activity [was] an incident of his employment.”[3] The board’s decision in these respects was grounded on substantial evidence and was not merely supported, but indeed dictated, by decisional law long established in this court.
The order appealed from should be reversed, with costs to the Workmen’s Compensation Board, and the award reinstated.

. A separate award in the same amount was made against the employer alone as a penalty under section 14-a of the Workmen’s Compensation Law for failure to require filing of claimant’s working papers (Labor Law, § 132).

. It will be recalled that the present claimant was thus closely restricted.

. The fairness of the rule is well exemplified in the case before us in which the fact that the 16-year-old claimant received no compensation, other than board and lodging, for the menial labor performed suggests most strongly that the availability of the recreational facilities, enjoyed with the implicit approval of the employer, constituted an inducement for, and part of the contract of employment (Matter of Simons v. The Hedges, 286 App. Div. 1044, supra).