MYRON W. DEAL v. PILOT LIFE INSURANCE COMPANY

No. 7325SC706

(Filed 28 November 1973)

1. **Master and Servant § 60; Insurance § 44— group insurance policy — injuries arising out of employment not covered — sufficiency of evidence**

    Where the evidence tended to show that plaintiff supervised ten N. C. branch offices of his employer including the offices in Charlotte and Monroe, that on the date of the accident plaintiff was working in Charlotte, that plaintiff drove to Monroe to have lunch with the manager of his employer's branch office there but he did not intend to and did not in fact conduct any business in Monroe, that plaintiff accepted the branch manager's invitation to fly in the manager's plane to S. C., that plaintiff did not know the nature of the trip to S. C. but went because he wanted to fly in his friend's plane, and that plaintiff was injured when the plane crashed in its landing attempt in S. C., the evidence was sufficient to support a jury finding that plaintiff's injuries sustained in the plane crash did not arise out of and in the course of his employment; therefore, in an action to recover certain hospital, surgical and emergency treatment benefits under a group insurance policy which was issued by defendant and did not provide coverage for injury arising out of and in the course of employment, the trial court properly denied defendant's motions for directed verdict and for judgment n.o.v.

2. **Insurance § 44; Witnesses § 6— action on group insurance policy — attempt to impeach witness — competency of evidence**

    In an action to recover under a group insurance policy for injuries sustained in a plane crash, the trial court did not err in excluding evidence with respect to plaintiff's ability to collect from a liability insurance carrier or plaintiff's right to make a workmen's compensation claim since cross-examination of plaintiff with respect to those matters did not tend to show inconsistent statements or claims by plaintiff, nor was the evidence relevant to the issue being tried.

Deal v. Insurance Co.

3. Insurance § 44; Trial § 33— action on group insurance policy — policy
    exclusions — sufficiency of instructions

      In an action to recover under a group insurance policy which
    excluded coverage for any sickness entitling insured to benefits under
    the Workmen's Compensation Act, the trial court's instruction with
    respect to plaintiff's business activities at the time he sustained in-
    juries was proper.

APPEAL by defendant from *Ervin, Judge,* 24 April 1973
Civil Session CATAWBA Superior Court.

Plaintiff instituted this action to recover certain hospital,
surgical and emergency treatment benefits under a group insur-
ance policy issued by defendant to M and J Finance Corpora-
tion and Affiliates (M & J) insuring plaintiff as a member
of such group. In its answer defendant admitted the issuance of
the policy but alleged that its benefits accrued only if the hos-
pital confinement resulted from " (a) any sickness not entitling
you or your dependent to benefits under any Workmen's Com-
pensation Act or similar law or (b) any injury not arising out
of or in the course of employment." Defendant further averred
that plaintiff's hospitalization was for treatment of injuries
sustained in an airplane accident which arose out of and in the
course of his employment with M & J.

The parties stipulated that the only issue for jury determi-
nation was whether defendant is liable to plaintiff under the
terms of the policy. Whereupon, the following issue was sub-
mitted: "Was the plaintiff, Myron W. Deal, confined as a pa-
tient in a hospital as a result of any injury not arising out of
or in the course of his employment, as alleged in the complaint?"

The jury answered the issue in the affirmative and from
judgment entered on the verdict in favor of plaintiff for
$11,581.21, plus interests and costs, defendant appealed.

*Forrest A. Ferrell, Jeffrey Thomas Mackie, and Sigmon
& Clark by William R. Sigmon for plaintiff appellee.*

*Patrick, Harper & Dixon by Charles D. Dixon for defend-
ant appellant.*

BRITT, Judge.

[1]  Defendant first assigns as error the refusal of the trial
judge to grant its motions for directed verdict and for judg-
ment notwithstanding the verdict.

Defendant's motions raised the question of whether, as a matter of law, plaintiff's evidence was insufficient to show that his injuries did not arise out of and in the course of his employment with M & J. In fact, defendant contends that plaintiff's evidence shows affirmatively that the injuries which he sustained did arise out of or in the course of his employment. Viewing the evidence in the light most favorable to plaintiff and giving him the benefit of every reasonable inference, as is required on the motions, we conclude that the trial judge did not err in denying defendant's motion for directed verdict and judgment n.o.v.

Pertinent evidence in plaintiff's favor tends to show: On 17 September 1970, and for several months prior thereto, plaintiff resided in the Winston-Salem area and was employed as a supervisor by M & J whose main office was in Shelby, N. C. Plaintiff's supervisory duties were applicable to ten North Carolina branch offices of M & J including offices in Charlotte and Monroe. On the date of the accident, plaintiff was in Charlotte visiting a branch of M & J and performing business for the company. During the morning plaintiff decided to drive to Monroe (approximately 25 miles), have lunch with the manager of the M & J branch there, and then return to the Charlotte branch later in the afternoon. As plaintiff arrived at the Monroe branch, the manager, William McInnis (McInnis), was leaving. Plantiff invited McInnis to have lunch with him, but McInnis informed plaintiff that he had to go to Darlington, South Carolina, and invited plaintiff to go along. Plaintiff declined the invitation initially because he had to return to Charlotte that afternoon but, upon learning that McInnis intended to fly his plane, plaintiff accepted, thinking that he could return in time to get back to Charlotte that afternoon. Plaintiff had gone to Monroe to see McInnis, not on business, but because he considered McInnis a friend and wanted to have lunch with him. He decided to go to Darlington with McInnis because he wanted to fly in McInnis's airplane and not because M & J had cars being sold that day at the car auction in Darlington; in fact, he did not know the nature of the trip to Darlington until after the plane was in the air. In the landing attempt in Darlington, the plane crashed and plaintiff sustained personal injuries, in the treatment of which he incurred various medical, surgical, and hospital expenses.

No case has been cited, and our research discloses none, in which the courts of this State have been called upon to decide

the question of whether the accident arose out of and in the course of employment in the context of this case, but there is a sizeable body of law dealing with the situation in which the employee has deviated from the normal course of his employment and seeks to recover under the Workmen's Compensation Act.

It is clear that there may be no recovery if the act performed is solely for the benefit or purpose of the employee or a third person. *Guest v. Iron & Metal Co.*, 241 N.C. 448, 85 S.E. 2d 596 (1955). Where the employee is performing acts for his own benefit, not connected with his employment, the injury does not arise out of his employment even if the acts are performed with the consent of the employer and the employee is on the payroll at the time. *Bell v. Dewey Brothers, Inc.*, 236 N.C. 280, 72 S.E. 2d 680 (1952). An employee is not entitled to compensation if his acts are not connected with his employment, but are for his own benefit, at the time of injury even if he is injured while he is required to be away from his home and place of regular employment for a period of time on a mission for his employer. *Sandy v. Stackhouse, Inc.*, 258 N.C. 194, 128 S.E. 2d 218 (1962). Ordinarily, employees whose work entails travel away from the employer's premises are within the course of their employment continuously during the trip, except when a distinct departure on a personal errand is shown. *Martin v. Georgia-Pacific Corp.*, 5 N.C. App. 37, 167 S.E. 2d 790 (1969).

In view of these cases, we are of the opinion that there was sufficient evidence presented in the case at hand to survive the motion for directed verdict. There was evidence from which the jury could have concluded that the conduct of plaintiff *was* within the course of his employment, but the weight of the evidence is for the jury and does not enter into the determination of a motion for directed verdict since the evidence must be viewed in the light most favorable to the nonmovant.

[2] Defendant assigns as error the exclusion of certain evidence. It contends the court erred in excluding evidence that tended to show plaintiff's financial interest in asserting that the accident did not arise out of his employment. Defendant argues that by pursuing the present course plaintiff is able to collect $50,000 from McInnis's liability insurance carrier by way of settlement and $11,558.21 if successful in the present action; that if plaintiff had made a claim under the Workmen's

---

**Deal v. Insurance Co.**

---

Compensation Act on the grounds that the injury arose out of and in the course of his employment, he could have collected only $35,113.79.

Defendant attempted to establish this contention by cross-examination of plaintiff, and the court conducted a voir dire in the absence of the jury to determine the admissibility of the evidence. Following the voir dire, the court ruled that it would not permit defendant's counsel to question plaintiff regarding the $50,000 settlement or the Workmen's Compensation claim.

Of course, it is proper to show inconsistent statements or claims by cross-examination, but we do not think the proffered questions and answers tended to show inconsistent statements or claims by plaintiff in this case. Considering the answers given by plaintiff, the $50,000 settlement was not relevant to the issue being tried. With respect to the Workmen's Compensation claim, we cannot see how defendant would have benefited from the answers given by plaintiff.

The heart of this method of impeachment is that the conduct in question is inconsistent with the present claim. As it is put in 3A Wigmore, Evidence, § 1040 (Chadburn rev. 1970): " . . . [I]t is not the mere difference of statement that suffices; nor yet is an absolute oppositeness essential; it is an inconsistency that is required." Thus we look to the statement to see if in fact there is any inconsistency in the conduct of the plaintiff and his agent. Looking to the totality of the circumstances we feel that there is no inconsistency. Again we quote Wigmore, *supra:* "As a general principle, it is to be understood that this inconsistency is to be determined, not by individual words or phrases alone, but the *whole impression or effect* of what has been said or done." We perceive no prejudice to defendant by the exclusion of the evidence.

[3]  By its third assignment of error defendant contends that the trial judge committed error in his jury charge by leaving the impression with the jury that in order for the injury to be compensable under the Workmen's Compensation Act, the trip had to be solely for business purposes. The contention has no merit. The judge clearly charged that if the plaintiff made the trip in order to perform one or more of his duties as supervisor for his employer, then the jury would answer the issue in the negative.

We have considered the other assignments of error brought forward and argued in defendant's brief but find them to be without merit.

No error.

Chief Judge BROCK and Judge MORRIS concur.