■　In the Matter of the Claim of LESLIE AHART, Respondent, v PRELOAD Co. et al., Appellants, WORKMEN'S COMPENSATION BOARD, Respondent. —Appeal from a decision of the Workmen's Compensation Board, filed June 5, 1975, which, in pertinent respects, affirmed an award of death benefits to the widow of the deceased employee. The issue in this proceeding is whether

decedent met his death in an accident which arose out of and in the course of his employment. The pertinent facts as found by the board in its decision, and as supported by substantial evidence in the record, establish that decedent, whose home was in Illinois, had worked for the employer herein at a number of job sites around the country. In March of 1973, he was employed as an assistant superintendent at a job site in Staten Island. For the duration of the job decedent stayed at a motel nearby in New Jersey, and frequently did bookkeeping, payroll and other paper work incidental to the job during the evenings, thus making the motel an extension of the employment premises. On the day of his demise decedent and the job superintendent drove in a company truck to a nearby tavern where they had something to eat and drink. Later that evening, while the two were proceeding in the direction of the motel, the truck struck a concrete bridge abutment, causing decedent's death. There is no contention that the death was caused solely by intoxication, nor is there any evidence to indicate that decedent was at the time engaged in a deviation from his employment. It is well settled that an employee who is required to work far from home and who must remain in a particular locality for a period of time, may indulge in any reasonable activity and if he does so, the risks inherent in such activity are an incident of the employment *(Matter of Robards v New York Div. Elec. Prods.* and *Matter of Lyons v Stoll,* 33 AD2d 1067). The facts as found by the board supported, as previously noted by substantial evidence, clearly bring this case within the rule of *Robards* and *Lyons.* Moreover, since work was frequently performed at the motel room, as previously indicated, plaintiff's journey thereto could be found to have been in the course of employment. Thus, the decision of the board must be affirmed. Decision affirmed, with costs to the Workmen's Compensation Board. Koreman, P. J., Greenblott, Sweeney, Mahoney and Herlihy, JJ., concur.