Titone, J.
(dissenting). The majority holds that where an employer tolerates conduct blatantly in violation of the Penal Law, that conduct arises out of and in the course of employment within the meaning of Workers’ Compensation Law § 10. Because I find that holding totally unacceptable, I must dissent.
Initially, where as here, the facts underlying the award of compensation are undisputed, only a question of law is presented (Matter of Paduano v New York State Workmen’s Compensation Bd., 25 NY2d 669, affg on opn at App Div 30 AD2d 1009; Matter of Kaplan v Zodiac Watch Co., 20 NY2d 537, 539; Matter of Martin v Plant, 293 NY 617, 618). Therefore, the decision by the Board that decedent’s activity was reasonable under the circumstances is fully reviewable by this court.
On the merits, the majority reasons that intoxication and intentional self-infliction of injury are the only exceptions to the broad statutory liability imposed in Workers’ Compensation Law § 10. Such an analysis begs the very essence of the statute which endeavors to compensate workers for injuries, disabilities or deaths only "arising out of and in the course of employment”. Thus, the threshold question to be decided in cases involving section 10, as here, is whether the employee’s condition arose "out of and in the course of employment” (e.g., Matter of Malacarne v City of Yonkers Parking Auth., 41 *254 NY2d 189; Matter of Seymour v Rivera Appliances Corp., 28 NY2d 406; Matter of Pryor v Presbyterian Home for Aged Women, 9 NY2d 869; Matter of Pasquel v Coverly, 4 NY2d 28; Matter of Martin v Plant, supra; Matter of Scholtzhauer v C & L Lunch Co., 233 NY 12). In my view, it did not.
There is no dispute that where, as in this case, an employee is instructed to wait for materials, he is not obliged to stand idly by. An employee may " 'indulge in any reasonable activity at that place, and if he does so the risk inherent in such activity is an incident of his employment’ ” (Matter of Capizzi v Southern Dist. Reporters, 61 NY2d 50, 53, quoting Matter of Davis v Newsweek Mag, 305 NY 20, 28 [emphasis in original]; see also, Matter of Di Perri v Boys Bhd. Republic, 31 NY2d 215, 218). For example, activities such as an associate editor of textbooks executing an exuberant dance step in an elevator (Matter of Bletter v Harcourt, Brace & World, 25 NY2d 755), a live-in camp kitchen worker using recreational facilities for gymnastics during off hours (Matter of Di Perri v Boys Bhd. Republic, supra) and a traveling employee bathing in a hotel (Matter of Capizzi v Southern Dist. Reporters, supra) have been held to be reasonable and the injuries sustained compensable. In addition, employee horseplay, given the nature of the materials at hand and the general habits of the employees, may give rise to compensable injury (Matter of Lubrano v Malinet, 65 NY2d 616).
If the prevailing word "reasonable” is to have any meaning at all, however, I cannot condone compensation for an injury sustained during the perpetration of a larceny. There is no authority whatsoever nor definition of the word "reasonable” which would support the proposition that a reasonable activity includes a crime of moral turpitude during idle time. Such a dilution of the import of reasonableness, a standard imposed by our case law repeatedly for over 30 years (e.g, Matter of Capizzi v Southern Dist. Reporters, 61 NY2d 50, 53, supra; Matter of Davis v Newsweek Mag, 305 NY 20, 28, supra), is wholly unwarranted. When the decedent chose to steal— which by no stretch of the imagination can be deemed a "reasonable” activity in any civilized society — he removed himself from his employment and acted at his own peril (Matter of Goldfine v Barsol [Parson] Cab Operating Co., 19 AD2d 672).
Clearly, decedent was in a proper position to combine business with pleasure, as he was merely instructed to wait for *255 materials. That he did so would not defeat his claim unless the accident resulted from risks produced by his unreasonable personal activities (Matter of Pasquel v Coverly, 4 NY2d 28, 30-31, supra; 1 Larson, Workmen’s Compensation § 19.61; see also, Matter of Kaplan v Zodiac Watch Co., 20 NY2d 537, 540, supra). Here, decedent not only strayed from the roof on which he was supposed to wait to a different one but also proceeded to engage in a theft and then a cover-up of his actions leading him to pretend to inspect the icy edge of the unrelated roof. This was a completely unreasonable personal, dangerous and illegal indulgence which substantially increased his risk of injury (Matter of Pasquel v Coverly, supra, p 30).
Moreover, that decedent’s employer tolerated the criminal activity does not make him responsible for any injuries sustained during the larceny. The employer did not encourage the activity and certainly did not benefit from it. On the contrary, decedent’s employer was put in a position of continually replacing downspouts. The decedent’s conduct here does not even approach the equitable position of an employee who is injured while committing a relatively minor infraction which actually may further the employer’s interest (e.g., Matter of Perry v Town of Cherry Val., 307 NY 427). More importantly, the employer is certainly empowered to waive its own rules by implied acquiescence in their habitual violation. Therefore, a violation of the employer’s rules may not preclude compensation. The employer may not choose to ignore the mandates of the Penal Law, however, and the fact that a criminal statute is repeatedly violated cannot be construed as an implied permission on the part of the employer to allow such conduct.
The majority notes that it is the policy of this State to award compensation on a "no-fault” basis. It must also be recognized that this policy must be balanced with a strong policy against rewarding crime. I, too, sympathize with the plight of the innocent children who would suffer financially from the transgressions of their father. It is most unfortunate that children must bear the brunt of the nearsighted choices that their parents make. While it is true that we often disregard these "victims” of crime, this State has not seen fit to enact a workers’ compensation law for the dependents of criminals who sustain injuries in the course of and arising out of their chosen "profession.”
*256 Accordingly, I would reverse the order of the Appellate Division and dismiss the claim.
Chief Judge Wachtler and Judges Kaye, Alexander and Hancock, Jr., concur with Judge Simons; Judge Titone dissents and votes to reverse in a separate opinion in which Judge Meyer concurs.
Order affirmed, with costs.